### GEORGE CORNELISON v. THE STATE.

No. 1601. Decided February 1, 1899.

**1. Obstructing Public Road—Charge, "Willful."**

On a trial for obstructing a public road, the offense depends upon the fact that the act was "willfully" done, and a charge of court which instructs the jury that by the word "willful" is meant that defendant knew, at the time of the alleged obstruction, that said road was a public road, etc., and said obstruction was placed there with evil intent, was a substantial definition of the word "willful."

**2. Same.**

On a trial for obstructing a public road, the only question is, was it a public road? and it is not error to refuse a requested instruction to the effect that the jury must acquit if the defendant thought he was placing the obstructing fence on his own land.

**3. Same.**

Because the public could not cross a creek except on a bridge does not give a party the right to build a fence along the creek bank to the bridge on a public road.

APPEAL from the County Court of Cooke. Tried below before Hon. J. P. HALL, County Judge.

Appeal from a conviction for obstructing a public road; penalty, a fine of $25.

The facts are substantially stated in appellant's brief.

George Cornelison owned fifty acres of land, and about the 1st of April he fenced the north side of his land. The Valley View and Collinsville road ran through this fifty acres tract of land, and appellant had to make a lane, which left a road thirty feet wide all the way through said fifty acres tract; and on said fifty acres tract Timber Creek ran through, running north and south, and the county built a wooden bridge, making said bridge fourteen feet wide, the width of the creek.

Appellant used this fifty acres of land for a pasture, and when he ran the lane through his land he fenced at the creek the space of land eight feet on either side of the bridge, by placing a post near the bridge on each side of the creek. There were thirty acres of land south of the bridge and twenty acres north of the bridge, and a hole of water about fifty or sixty feet north of the bridge on appellant's land, where there was plenty of water for stock, and this hole of water was never fenced until the spring of 1897. On appellant's land south of the bridge there was no water, and appellant connected his fence near the bridge in order for his stock to pass under the bridge to get water above the road. This road had been running over appellant's land a number of years, never having been fenced. The bridge across Timber Creek had been built on appellant's land since 1886. The appellant had never received any compensation for his land and never had been notified of the road being established by the commissioners court. He had asked the court to change the road to the north line of his land in February, 1897. The court refused to change it, and has since built a new bridge where the one was built in 1886, and appellant fenced his land as above stated, and on the 6th day of July, 1897, the road overseer ordered the fence cut down, the eight feet above the bridge (north of said bridge), and appellant placed said fence back again. And for placing this fence again on his land to the bridge he was indicted, and on the 11th day of January, 1892, in the County Court of Cooke County, Texas, this appellant was convicted by a jury of willfully obstructing a public road, and his punishment assessed at a fine of $25.

*P. T. Shores* and *Green & Hayworth*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted in the County Court of Cooke County on a charge of willfully obstructing a public road, and his punishment assessed at a fine of $25, and he appeals.

It appears from the record before us that appellant owned the land on both sides of the road; that the road was a second-class road thirty feet wide, and crossed Timber Creek, which creek has a bridge across it fourteen feet wide and fifty-two feet long, leaving a space of eight

feet between the bridge and appellant's fence, on each side thereof. Appellant fenced this eight feet, setting one post within about two feet of each corner of the bridge. The space on both sides of the bridge was obstructed by trees and the banks of the creek on both sides were very steep, such as prevented the public crossing the same. It furthermore appears that this eight-foot obstruction above spoken of was ordered to be cut down by some of the commissioners, and at the instance of the overseer of the road the same was removed on July 6, 1897. Appellant testified that he replaced the fence upon the advice of counsel. He also stated that he received no pay for the land. The road had been worked for at least fifteen years, and hands assigned to work the same.

Appellant complains of the following charge: "By the word 'willful' is meant that defendant knew at the time of the alleged obstruction that said road was a public road of the second class, and said obstruction was placed there, if it was obstructed, with an evil intent." Appellant's objection to said charge is that it is not the legal definition of the term "willful," as held by the decisions of this court, and that the charge is on the weight of the evidence. It is true that the statutory offense is made to depend upon the fact that the act was willfully done, and it is incumbent on the court, as part of the law of the case, to instruct the jury as to the legal meaning of the word "willful," which means with evil intent or legal malice, or without reasonable ground to believe the act to be lawful. The instruction of the court is in substantial compliance with the definition given above. Loyd v. State, 19 Texas Crim. App., 321.

Appellant's second contention is that the court erred in failing to give a special charge requested by him, to the effect that, if appellant thought he was placing the fence on his land, the jury could not convict, but must acquit, defendant. We do not think the court erred in failing to give a charge of this character. The only question is whether or not it was a public road.

The court did not err in failing to define what constituted a bridge, as contended in appellant's third assignment. The fourth and fifth assignments of error urge that the court erred in its definition of a "public road," and also in not granting a new trial on account of the insufficiency of the evidence to support the conviction. We do not think any error appears in either instance. The charge is not subject to the criticism made, and we think the evidence supports the verdict. We do not see the force of the proposition that because parties could not cross the creek, except on the bridge, that appellant had the right to build the fence along the creek bank to the bridge. No error appearing, the judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge, absent.