**JONES et al. v. SUNSHINE GROCERY & MARKET.** (No. 8611.)

(Court of Civil Appeals of Texas. Dallas. Jan. 7, 1922.)

1. **Municipal corporations** &#9919;705(6)—Leaving motor truck in highway held not willful obstruction.

Where engine of truck stopped running at night, and the truck could not be moved with its own power, and the driver left it about 2½ feet distant from the middle of the street, where it remained some time without any signals thereon, and the driver of another automobile ran into it, the obstruction of the highway was not willful or such as to constitute a violation of the statute inhibiting obstruction of public highways.

2. **Municipal corporations** &#9919;706(5)—Driver of car colliding with standing truck in nighttime guilty of contributory negligence.

A finding that the driver of an automobile who collided with a motor truck standing without lights near the middle of the street in the nighttime was not guilty of contributory negligence *held* not sustained by the evidence.

3. **Negligence** &#9919;117—Proof of contributory negligence without pleading.

Ordinarily contributory negligence is an affirmative defense which must be pleaded, but such pleading is not necessary when it appears from the plaintiff's own showing, either in his pleadings or his proof, that his own negligence contributed to the injury.

4. **Municipal corporations** &#9919;706(5)—Proof of lighting equipment not proof of use thereof.

Automobilist does not free himself from contributory negligence in colliding with unlighted truck standing in a street in the nighttime by merely proving that his car was equipped with proper lights, since proof of equipment is not tantamount to proof of use of it.

5. **Municipal corporations** &#9919;705(10)—Driver of car must use lights showing dangers ahead.

It is the duty of the driver of a motor vehicle at night to have his car equipped with lights which will enable him to see obstructions or other dangers ahead, and use them so as to prevent injuries to himself and vehicle, and it is his further duty to exercise care and keep a lookout to detect obstructions or other dangers opportunely, so that in the exercise of ordinary discretion he may prevent injuries by stopping the car or driving his vehicle around the obstruction.

Appeal from Dallas County Court, at Law; W. N. Coombes, Judge.

Action by the Sunshine Grocery & Market against W. L. Jones and another. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

J. W. Gormley and Thomas, Milam & Touchstone, all of Dallas, for appellants.
Allen & Allen, of Dallas, for appellee.

HAMILTON, J. This suit originated in the justice of the peace court, precinct No. 1, Dallas county, Tex. It was appealed from that court to the county court by the appellants. A judgment having been entered against them in the latter court, they prosecuted their appeal to this court.

No written pleadings were filed by the plaintiff (appellee) either in the justice of the peace's court or in the county court. Appellants answered merely by general demurrer and general denial.

In the evening of August 18, 1920, an employee of appellants was driving a Ford truck belonging to appellants along Greenville avenue, a street in the city of Dallas, when some character of defect in the machinery developed which prevented the automobile from operating, and as a result the driver could proceed no further. He pushed the car as far as he could toward the side of the road, and soon thereafter, his employer, W. L. Jones, came along, and the driver went away with him. No light was put on the truck thus abandoned. According to the testimony of the driver of the truck, who testified for appellants in the case, the engine stopped running and the truck could not be moved with its own power. The driver pushed it to a position about 2½ feet distant from the middle of the road. He was unable to move it further out of the road because of a mound in the road caused by the laying of some kind of pipe. It remained in the road until about midnight. W. L. Jones testified that he returned to the car as soon as he could obtain repairs with which to fix it, and that he went for the repairs himself, and came back and moved the truck as soon as he got them.

Some time between 8 and 9 o'clock in the evening S. B. Fowler, a member of the firm of Sunshine Grocery & Market, while traveling north on Greenville avenue in a Ford car, came into collision with the truck left standing in the position above described, and the collision caused the damages for the recovery of which the suit was filed. The accident occurred after dark, and it appears from the evidence that the street was of sufficient width to enable a vehicle, prudently driven, to pass to the left of the abandoned truck without any danger of coming into contact with it.

Upon the request of appellants the judge of the trial court filed findings of fact and conclusions of law. Under the head of "Findings of Fact," and immediately preliminary to the findings of fact contained in the record, the trial court states the allegations of plaintiff's (appellee's) oral pleadings to be as follows: That Greenville avenue is a public highway in the city of Dallas which defendants (appellants) willfully obstructed on the 18th day of August, 1920, by leaving an automobile belonging to them in such

public highway unguarded and without any light or other signal to warn persons using the highway of the presence of said automobile, and that on such date an automobile belonging to appellee struck appellants' automobile and was thereby injured. The statement contains in addition to the foregoing a recital of the elements of damage.

The court found from the evidence that Greenville avenue is a public avenue within the limits of the city of Dallas; that on August 18, 1920, appellants were guilty of willfully obstructing said highway by leaving their automobile truck in it unguarded and without any lights or other signal thereon; that such automobile was headed north, and "was left within 2 feet of the middle of the highway and to the right going north." The court found that appellants were guilty of negligence in so leaving the automobile without any person to guard it, or without moving it to one side of the highway beyond the regular traveled portion thereof, and failing to place a light on it, and that such negligence was a willful violation of the laws of the state regulating highways. The court further found that appellee, while traveling north on Greenville avenue about 8:30 o'clock in the evening of August 18, 1920, in an automobile delivery truck, was struck by appellants' automobile while it was obstructing the highway as already found by said court, thereby injuring and damaging appellee's automobile to the extent represented by the amount of the judgment. The court found that immediately to the right of the traveled portion of the highway was an elevation caused by the filling in of a ditch by the gas company; that it extended along the side of the highway, and was about 1 foot high. It was found that appellee's car was properly equipped with sufficient lights for it to be operated with safety at the time of the accident, and that it was then being operated at a lawful and safe rate of speed, and that appellee was keeping a sufficient lookout for obstructions in the road, but did not see appellants' car until the collision. And it was further found that appellee was using the proper degree of care in operating the car which came into collision with the abandoned truck, and that appellee was not guilty of contributory negligence.

From the foregoing findings of fact the trial court made the following conclusions of law:

(1) "The defendants were guilty of violating the law regulating travel on highways, and were also guilty of negligence in leaving their said automobile in said highway in the manner they did, and such acts occasioned the damages complained of by the plaintiffs."

(2) "The plaintiffs are entitled to recover a judgment against defendants and the sureties on their appeal bond for the sum of $172.50, with interest thereon at 6 per cent. per annum, from the 18th day of August, 1920, making a total of $174.78, together with the costs of this court and the court below."

[1] While the evidence probably is sufficient to sustain the finding that appellants were negligent, we do not find in the record any evidence which, in our judgment, is sufficient to sustain the finding that appellants willfully obstructed the highway. Mere proof of the abandonment of a vehicle under the circumstances presented by the record we do not think tends to establish the conclusion that the obstruction was willful or was such as to constitute a violation of the statute inhibiting obstruction of public highways. Laroe v. State, 30 Tex. App. 374, 17 S. W. 934; Cornelison v. State, 40 Tex. Cr. R. 159, 49 S. W. 384.

[2] Neither do we think the finding of the trial court to the effect that appellee was not guilty of contributory negligence can be sustained. While the evidence conclusively shows that the collision occurred in the nighttime, yet it does not disclose either that appellee's car was equipped with the character of lights required by law which were on at the time of the accident, or that appellee was using any degree of care whatever.

S. B. Fowler testified as follows:

"I am one of the members of the firm of Sunshine Grocery & Market; Mr. Alexander and I are partners in that business. We were engaged in that business about the 18th of August, 1920. I am suing Mr. and Mrs. W. L. Jones for leaving their car standing in Greenville avenue after dark, and I ran into it. The car was left standing about 2 feet or 2½ feet from the center of Greenville avenue, going north, just left it standing there, didn't try to get it to the side so people could get by there, and I ran into it and tore my car up. There were no lights on the car that was left there. It was a truck loaded with slop and watermelon rines, setting down low so that from the light of the horizon you couldn't see it; it was a kind of low place there, and I couldn't see it until I got right on it. I was going about 12 or 15 miles an hour. * * * I don't know what time I left my store that evening, but it was some time a little after 8 o'clock, and the accident occurred somewhere along about 8:30. I didn't see any moon that night. My car was equipped with lights at that time; my lights were as good as the lights are on most any Ford. I don't know how far the ordinary Ford light throws itself ahead. I had been handling a Ford car about 10 or 12 years. I have driven a Ford car off and on for the past 12 years. Sometimes a Ford will throw the light a good ways, and other times it don't. I don't know how far a Ford will throw the light when it is ordinarily well equipped with lights. I said the truck was left standing about 2 feet from the center of the road. I know the defendant in this case said he left the car standing there, but I never saw him leave it there. The car left in the road was a truck loaded with slop and watermelon rines. I don't know how much load was on it. Three of

us fellows pushed it out to the side of the road after I ran into it. All three of us did it; I don't know whether one could have done it or not. There was nothing the matter with the truck; it could have been run out there. I did not run it and did not try to run it."

The record contains no evidence the effect of which is any more favorable to appellee's position than that above quoted.

[3] Appellee insists that since appellants did not specially plead contributory negligence it is not available as a defense, and cannot now be urged upon this court to overcome the judgment of the trial court. It is true, ordinarily, that contributory negligence is an affirmative defense which must be predicated upon an allegation interposing it in behalf of the party who seeks to avail himself of it, but such pleading is not necessary when it appears from the plaintiff's own showing, either in his pleadings or his proof, that his own negligence contributed to the injury. If, in the course of developing his case against the defendant, the plaintiff develops his own contributory negligence, then he will be denied a recovery regardless of whether or not contributory negligence has been pleaded affirmatively as a defense. Whatever confusion may appear in the opinions of the judges of the various jurisdictions upon this question, the view to be followed by the Texas courts has been clearly stated by Judge Roberts in the case of Railway Co. v. Murphy, 46 Tex. 363, 26 Am. Rep. 272. In that case Judge Roberts, treating the question, uses the following language:

"It is often stated that the plaintiff must show that the injury was caused by the negligence of the defendant, without any fault or negligence on his part. It would be more correct, it is thought, to say that the plaintiff must show that the injury of which he complains was produced by the negligent acts of the defendant, under such circumstances as did not develop any negligence on his part, contributing to his injury. In the absence of proof, his negligence would not be presumed."

See Thompson on the Law of Negligence (2d Ed.) p. 348 et seq.

[4] The law requires every driver of a motor vehicle upon public highways to use lights, which conform to certain specifications, after night. Appellee did not allege that the car which collided with appellants' truck was equipped with lights conforming to this requirement, nor is there any allega-

tion of any circumstance to explain the collision with appellants' abandoned truck. Furthermore, the proof does not reveal that appellee's car at the time of the collision was using lights as required by law. The proof does not go beyond the fact that the car was equipped with lights. Proof of equipment, we think, is not tantamount to proof of use of it. Nor is there any evidence tending to show any degree of care whatever on the part of appellee even conceding that he was using proper lights.

[5] It is the duty of the driver of a motor vehicle on a public highway at night to have his car equipped with lights which will enable him to see obstructions or other dangers ahead in the road, and use them so as to prevent injuries to himself and vehicle, and it is his further duty to exercise care to keep a lookout to detect obstructions or other dangers opportunely so that in the exercise of ordinary discretion he may prevent injuries. Unless there existed some imperceptible condition with which appellee had to contend at the time (and none is alleged or proved), the use of ordinary care on the part of appellee's driver would have prevented contact with appellants' truck. It was the duty of the driver to have in use lights by which he could see the obstruction within time to stop the car, or within such time that he might drive his vehicle around it through the unobstructed portion of the road. Since the general use of public highways is such that appellants reasonably should have foreseen that leaving the truck where it was, without lights or any other means of warning, might directly result in injury to travelers on the highway, under certain common circumstances, we believe that a finding of negligence on the part of appellants possibly was to be justified; but, since appellee must either have had lights of such strength as to enable him to see the situation, or else, as a matter of law, must be held guilty of negligence for failing to have them, and, also, since it must be presumed that he would have seen the truck within time to prevent the accident had he been using ordinary care, we must conclude that his own negligence contributed to the injury; and, accordingly, under the record as it is presented, the law will deny him any recovery.

We, therefore, reverse the judgment of the trial court, and render judgment for appellant.

Reversed and rendered.