## STANDARD PAVING CO. v. WEBB.

### No. 13738.

Court of Civil Appeals of Texas. Fort Worth.

April 1, 1938.

Rehearing Denied June 10, 1938.

Todd, Crowley & Thompson, S. A. Crowley, and W. R. Thompson, Jr.; all of Fort Worth, for appellant.

Taylor, Muse & Taylor, of Wichita Falls, and John W. Culp, of Gainesville, for appellee.

DUNKLIN, Chief Justice.

About 11:00 o'clock at night on July 16th, 1936, H. E. Webb started on a trip from Gainesville in the direction of Wichita Falls, on Highway Number 5. After he had gone about five miles distant from Gainesville, he suddenly discovered a truck standing partially on the pavement. In order to avoid collision with it, he swerved his car to the west. The car then skidded on the loose gravel that had been put over the pavement, and after skidding about 300 feet, turned over. At the time of the accident, the truck had been in use for the purpose of sprinkling the loose dirt on the shoulders of the pavement that had been planted with grass. Webb sustained personal injuries as the result of the accident, and instituted this suit against the Standard Paving Company, who had been engaged in the construction of the highway, to recover damages for his injuries, and from a judgment in his favor for $1,500, the Paving Company has prosecuted this appeal.

It was alleged in plaintiff's petition that the defendant was guilty of negligence in parking the truck partially upon the paved portion of the highway, and with none of the lights on the truck burning, which was a proximate cause of the injuries. The jury sustained those allegations, and there was sufficient evidence to support the findings. There were further findings of the jury rejecting the defendant's plea of plaintiff's contributory negligence immediately prior to and at the time of the accident, in several particulars, which it is not necessary to here notice, in view of the conclusions we have reached, as hereinafter shown.

At the conclusion of the evidence and before the case was submitted to the jury on special issues, the defendant requested a peremptory instruction to the jury to return a verdict in favor of the defendant, which the court refused, and the first assignment of error presented here is to that ruling. The basis for that requested

instruction was that the evidence adduced showed conclusively as a matter of law that plaintiff was guilty of contributory negligence, precluding a recovery, even though it could be said that defendant was likewise guilty of negligence, which was also a contributing cause.

Following are the facts which were proven without controversy. The Paving Company had undertaken construction work on Highway Number 5, and the work was not turned over to the Highway Department until three or four days after the occurrence of the accident. There was a warning sign on each side of the road at the beginning of the improvement project, four or five feet high, reading: "Warning—Drive Carefully—Road Under Construction", and at night those signs were lighted with flares, which made them easily discernible to travelers on the highway at night. Immediately before the happening of the accident, an employee of the defendant was engaged in sprinkling water on grass planted on the shoulders of each side of the pavement of the highway, and was using the truck, with a water tank attached thereto, for that purpose. The accident happened about 11:00 o'clock on a dark night.

Plaintiff testified in his own behalf that the highway was level and straight and free of obstructions for at least as much as 100 yards in the direction he was traveling; that he knew there was loose gravel that had been put upon the newly constructed pavement at that place; that he had not noticed the warning signs above referred to prior to the accident, but he had been back and forth on the highway at least once a week for a month prior to the accident, and was familiar with the road, but did not pay any attention to the highway signs. According to his further testimony, he had not had his headlights checked shortly prior to the accident in question; he had had them cleaned off, but sometimes they got bugs on them and he could not see far, and he could not say just exactly how far ahead of him on the night of the accident he could see, but he imagined probably 100 feet; and probably the lights had dust and bugs on them that night.

Several witnesses for the defendant testified that the truck in question, which was being used in the process of watering the grass on the side of the road, was painted a silver or chromium color, which could be easily seen at night for a considerable distance, even in the absence of any headlights on the truck, and that the truck was also equipped with the lights. However, one witness testified for the plaintiff that the truck was not lighted, nor painted with the chromium color, as testified by those witnesses.

Plaintiff further testified that he was traveling at a rate of speed between 40 and 45 miles per hour; that it was a dark night, and he admitted that one has to be more careful to watch ahead for obstructions on the highway when he is driving on a dark night, on account of the increased hazards. He also testified, in part, as follows:

"Q. The truth of it is that you just didn't see it until you were very close to it? A. That's right.

"Q. As close as I am to you—were you that close to it when you saw it? A. No, I wouldn't have missed it if I had been that close.

"Q. Well, were you as close to it as from where you sit to that water jug over there? A. Mr. Crowley, I can't answer those questions in feet.

"Q. I am not asking you in feet; I am asking you what it was—some object in here that would indicate to the jury how close to where you were—how close you were to the truck before you turned or saw it? A. Well, it just looked like it was right on me and I didn't want to turn into it and so, I turned.

"Q. I know that, but whereabouts here in the court room—point out something that would indicate to the jury how close you were to it. A. Well, say the water jug, if you want to.

"Q. I don't want to put it at one distance or another; I just want you to tell the jury what your impression is. I don't mean to be unfair with you. A. Well, it seemed like I was at least that close to it.

"Q. That is a distance of what? Fifteen feet? A. I don't know.

"Q. Well, what is your opinion about it? A. It is further than fifteen feet, I guess.

"Q. Well, is it twenty? A. I guess it is.

"Q. Would it be about twenty feet? A. I don't know. I can't tell you in feet; I know it seemed like I was awfully close to it and I turned out to miss it; I didn't think I had time to stop.

"Q. You didn't at any time apply your brakes? A. I don't know that I did; I probably did."

Section 9, Article 827a, of Vernon's Penal Code of the State of Texas, provides that vehicles such as the plaintiff was driving, shall be equipped with two clearance lamps on the left side, one in the front displaying a white light, and one in the rear a red light, and further as follows:

"Every owner, driver or operator of a vehicle while it is upon the main traveled portion of the highway during the period from one-half hour after sunset to one-half hour before sunrise, and at any other time when there is not sufficient light to render clearly discernible any person upon the highway from a distance of at least two hundred (200) feet ahead, shall keep lighted all lamps or lighting devices with which such vehicle is required to be equipped, whether the vehicle is in motion or not."

Section 8 of the same article fixes a maximum speed of such a vehicle on the highway at 45 miles per hour. And by section 9-b of the same article, the violation of any of those provisions is made a misdemeanor, punishable by fine or imprisonment in the county jail.

If plaintiff's car was not equipped with lights, as required by the statute, then he was guilty of negligence, as a matter of law, in driving it without such equipment. The fact that he did not discover the truck until within about twenty feet shows conclusively that he was guilty of negligence proximately contributing to his injuries, in failing to keep a proper lookout ahead of him, for if he had kept such a lookout, he could have made that discovery in time to have avoided the collision, if his car had been equipped with lights, as required by the statute, and even with the lights in the condition they were in as he approached the place of the accident, and even if testimony of one witness that the truck was not painted a bright color and had no lights, be accepted as true.

■ It is our conclusion that the evidence offered, viewed most favorably to the plaintiff, established contributory negligence on his part, as a matter of law; and therefore the court erred in refusing to give the peremptory instruction in favor of the defendant. We believe that this conclusion is fully supported by numerous decisions in this state, including the following, with numerous decisions cited therein: Wichita Valley Ry. Co. v. Fite, Tex. Civ.App., 78 S.W.2d 714; Texas Mexican R. Co. v. Hoy, Tex.Com.App., 24 S.W.2d 18; International & G. N. R. Co. v. Edwards, 100 Tex. 22, 93 S.W. 106; Murphy v. Milheiser, Tex.Civ.App., 30 S.W.2d 586, writ of error refused; Schawe v. Leyendecker, Tex.Civ.App., 269 S.W. 864; Jones v. Sunshine Grocery & Market, Tex. Civ.App., 236 S.W. 614. Also by numerous decisions of other states, noted in: Serfas v. Lehigh & New England R. Co., 270 Pa. 306, 113 A. 370, 14 A.L.R. 794; Phillips v. Davis, 3 Cir., 3 F.2d 798; 40 A.L.R. 1243; 44 A.L.R. 1403; 87 A.L.R. 901; 97 A.L.R. 547; and particularly, West Construction Company v. White, 130 Tenn. 520, 172 S. W. 301.

■ It is unnecessary to quote at length from those authorities, especially since the facts vary in different cases. We believe it sufficient to say that the rule announced in all of them is that negligence of the driver of an automobile proximately contributing to his injury, while driving on a highway, is conclusively established, as a matter of law, when no other reasonable conclusion can be drawn from the facts proven. And that is the test we have applied in this case.

Accordingly, the judgment of the trial court is reversed, and since plaintiff's case has been fully developed, judgment will be here rendered in favor of the appellant, without a determination of the other assignments of error, relating to the special issues that were submitted and determined by the jury, because unnecessary.

### On Motion for Rehearing.

A fact that distinguishes this case and the decisions we have followed in our original opinion from many of those cited by appellee, in which it was held that the issue of contributory negligence of plaintiff suing for damages resulting from a collision of his car with some negligent obstruction of the highway by the defendant, was a question for the jury, is the absence of any testimony of plaintiff in this case to explain why he did not discover the truck before he swerved his car to the left to avoid colliding with it; his only excuse offered being that he did not see it until right on it. After a careful review of those authorities, we have reached the conclusion that appellee's motion for rehearing should be overruled; and accordingly it is so ordered.