## HIPFNER v. ANDERSON.

### No. 15431.

Court of Civil Appeals of Texas.
Fort Worth.

May 8, 1953.

Rehearing Denied June 5, 1953.

Vance & Vance, of Edna, and Kemper & Wilson, of Houston, for appellant.

Duckett & Duckett, of El Campo, and Hill, Brown, Kronzer & Abraham, of Houston, for appellee.

BOYD, Justice.

Appellee Eugene Anderson filed this suit in the District Court of Jackson County for personal injuries sustained as a result of driving his automobile against the rear end of appellant's parked and unlighted truck. Judgment for appellee was rendered upon a jury's verdict, from which this appeal is taken.

It is appellant's contention that the evidence shows appellee to have been guilty of contributory negligence as a matter of law, and therefore the judgment cannot be sustained.

Appellee testified that he left the town of Ganado at about 6:30 P.M. to drive to his home in the country. He was alone; it was dark and he was driving with his headlights burning, along what is known as the "Texas Company Road," a twenty-four foot wide and level road, paved with gravel, but the shoulders of which gradually sloped to the ditches. He was driving at thirty-five to forty miles per hour and shortly before the collision he met a motor vehicle which created a cloud of dust, interfering with and practically obscuring his vision. At about seventy-five yards from the point of collision, appellee met another motor vehicle, which caused another cloud of dust and rendered it impossible for him to see more than twelve feet in front of his car. Appellee did not apply his brakes when his vision was thus impaired but did take his foot off of the accelerator, although he could not say that the speed of his car had lessened before the collision. While meeting the vehicles, appellee had his lights on low beam but after meeting the second vehicle, the lights were raised to high beam. He was on his right-hand side of the road and about twelve feet from the truck when he saw it and it was impossible for him to stop, and he tried to go to the left of the truck but the right front of his car collided with the left rear of the truck. The left wheels of the truck were on the graveled portion of the road about four feet from the right edge of the gravel, and its right wheels were on the shoulder of the road about two and a half feet to the right of the edge of the gravel. The appellee was asked point blank, "What kept you from seeing the truck within the range of your headlights?" and he answered, "That dust." And when asked why he did not slow down when he ran into the cloud of dust, appellee answered, "Well, naturally, you get in the dust; you know it will be off of the road in a few seconds."

Appellant relies upon the following cases, among others, to support his contention that appellee was guilty of contributory negligence as a matter of law: Burnett v. Ft.

Worth Light & Power Co., 102 Tex. 31, 112 S.W. 1040, 19 L.R.A., N.S., 504; Cross v. Wichita Falls & S. R. Co., Tex.Civ.App., 140 S.W.2d 567; Wichita Valley Ry. Co. v. Fite, Tex.Civ.App., 78 S.W.2d 714; Gulf, C. & S. F. Ry. Co. v. Gaddis, Tex.Com. App., 208 S.W. 895; Jones v. Sunshine Grocery & Market, Tex.Civ.App., 236 S.W. 614; Standard Paving Co. v. Webb, Tex. Civ.App., 118 S.W.2d 456; Hart v. Stence, 219 Iowa 55, 257 N.W. 434, 97 A.L.R. 535; Shell Oil Co., Inc., v. Slade, 5 Cir., 133 F.2d 518.

The basis of the holdings in the cited cases is that the plaintiff took no care for his own safety and made no effort to avoid a collision and made no explanation as to why he did not see the object with which he collided. This is illustrated by the following quotation from Standard Paving Co. v. Webb, supra [118 S.W.2d 458]. "A fact that distinguishes this case and the decisions we have followed in our original opinion from many of those cited by appellee, in which it was held that the issue of contributory negligence of plaintiff suing for damages resulting from a collision of his car with some negligent obstruction of the highway by the defendant, was a question for the jury, is the absence of any testimony of plaintiff in this case to explain why he did not discover the truck before he swerved his car to the left to avoid colliding with it; his only excuse offered being that he did not see it until right on it. * * *"

◼ It seems to be the general rule, however, that the question of negligence is a question of fact and it is somewhat rare when a court of this State has held that negligence has been shown as a matter of law. Chief Justice McDonald, in Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501, ref., w. m., said that although there is a divergence of opinion as to the contributory negligence of a driver who fails to discover an object in the road within time to stop, the trend of decisions in Texas is unmistakeable: The issue is usually one for the jury. Swiff v. Michaelis, Tex.Civ.App., 110 S.W.2d 933, writ dismissed; Coleman v. West, Tex.Civ.App.,

116 S.W.2d 870; McCullough Box & Crate Co. v. Liles, Tex.Civ.App., 162 S.W.2d 1055, error refused, w. m.; Lackey v. Moffett, Tex.Civ.App., 172 S.W.2d 715; Humble Oil & Refining Co. v. Ooley, Tex.Civ.App., 46 S.W.2d 1038, writ dismissed; Linkenhoger v. Gilbert, Tex.Civ.App., 223 S.W.2d 308, writ refused, n. r. e.; Oil City Iron Works v. Stephens, Tex.Civ.App., 182 S.W. 2d 370; Horton v. Benson, Tex.Com.App., 277 S.W. 1050; Texas & N. O. Ry. Co. v. Blake, Tex.Civ.App., 175 S.W.2d 683, writ refused. The above cited cases seem to hold that an injured party will not be considered guilty of contributory negligence as a matter of law if he offers some explanation, comporting with reason, why he could not see the object with which he collided in time to avoid the impact. To hold that appellee was guilty of contributory negligence as a matter of law would, in effect, be a holding that all traffic moving on a dusty road must stop long enough for the dust to disappear, and that the acts of the driver in taking his foot off of the accelerator although not bringing his car to a stop, and in keeping his automobile on his proper side of the road, were insufficient to raise a jury question as to whether he exercised ordinary care. We think the better rule is that where care is shown, the sufficiency of such care is a question of fact. Texas & N. O. R. Co. v. Blake, supra; Wichita Valley Ry. Co. v. Fite, supra; Gifford v. Ft. Worth & D. C. Ry. Co., Tex.Sup., 249 S.W.2d 190.

◼ It appears that this is not a case where the injured party proceeded along the road with an entire want of care; and we are constrained to hold that whether he exercised that degree of care that an ordinarily prudent driver would have exercised under the same or similar circumstances was a question of fact for the jury.

◼ By other points appellant contends that it was prejudicial misconduct for appellee to introduce before the court, in the absence of the jury, statements concerning settlement negotiations. Appellee replies that it was not improper for the trial judge to know of appellee's willingness to settle within the limits of appellant's public liability policy, and that he was concerned:

with the protection of his own rights under the doctrine announced in Stowers Furniture Co. v. American Indemnity Co., Tex. Com.App., 15 S.W.2d 544.

No authority has been cited supporting appellant's theory of error in this proceeding, and we do not think this incident calls for a reversal of the judgment.

Finding no error, the judgment is affirmed.