**W. T. DUDLEY, Appellant,**

v.

**D. E. CARLSON et al., Appellees.**

**No. 10270.**

Court of Civil Appeals of Texas.

Austin.

Dec. 8, 1954.

Rehearing Denied Jan. 5, 1955.

Culpepper & Spilman, McAllen, for appellant.

Cox, Wagner, Adams & Wilson, Marshall W. Graham, Harlingen, for appellees.

HUGHES, Justice.

This suit arose from a rear end collision between a truck and a passenger automobile on a public highway in Hidalgo County and the general question presented is the propriety of the trial court's action in withdrawing the case from the jury at the conclusion of plaintiff's evidence and rendering judgment that he take nothing by his suit.

Plaintiff below was W. T. Dudley who sued on behalf of the community estate of himself and his wife, Francille B. Dudley. Since Mrs. Dudley was driving alone in the passenger car involved in the collision we will refer to her as appellant.

Defendants below and appellees here are D. E. Carlson, owner of the truck involved

in the collision and Pedro Alcazar, his employee and driver of such truck at such time and who was then acting within the scope of his employment.

The validity of the trial court's judgment depends upon a proper determination of appellees' first two counter points which are to the effect that appellant "was guilty of contributory negligence as a matter of law, and that she was driving without keeping a proper lookout" and that she was similarly negligent "in driving at such speed that she could not stop or control her automobile to avoid striking an object when said object came within the range and view of her headlights."

The principal ground of negligence pleaded by appellant and upon which she relies is that the tail light on the truck was unlighted at the time of the collision and that it should have been lighted.

Appellees pleaded unavoidable accident and contributory negligence in a general manner only.

The facts are brief, simple and substantially uncontradicted. We will state them in a manner most favorable to appellant.

The collision occurred about 6:30 p. m. on December 18, 1952, on State Highway 88 outside the corporate limits of any town or city but between the towns of Elsa and Monte Alto in Hidalgo County. It was dark. The weather was clear. Appellant was driving north in the right hand lane at a speed of 45–50 miles per hour. Her car, including lights and brakes were in good operating condition. Her headlights, which had been tested for strength and beam, were burning but whether on bright or dim she did not know. There was no approaching traffic.

The truck was also in the right hand lane headed north and was either stopped or moving about 10 miles per hour. There were no lights burning on the back of the truck when the collision occurred and while the truck had reflectors Mrs. Dudley saw no light reflected by them. The headlights of the truck were burning. Mrs. Dudley testified:

"Q. Did you see the truck? A. Yes, I saw it, and when I saw it, it was just right there, and there wasn't a sign of a light on it. It just showed up in front of my headlights.

"Q. How far was it from you, would you say, if you can? A. I can't. I mean it was just one of those things. It was just right there.

"* * * * * *

"Q. Were you looking down the road at the time? A. I was.

"* * * * * *

"Q. Why didn't you turn to the left? A. That impression * * * that impulse came to me, as to whether I could turn, and I didn't know whether * * * I was afraid it would turn the car over if I gave it a violent jerk, and I didn't know what to do. I think I put my foot on the brake, and by that time time had passed, and I was getting closer to the truck. It's just something you don't know, how you would react at a time like that. I don't know why. Didn't have time, I guess.

"* * * * * *

"Q. And you say that when you first saw him, you didn't have time to do anything but hit him? A. I don't know whether I did or not.

"Q. Well, you didn't do anything? A. I was frightened. I suppose I put my foot on the brake.

"Q. Well, you don't know that, do you? A. Yes, I did. I put my foot on the brake.

"Q. But you didn't put the brake on, did you? A. I don't know. I put my foot on it.

"* * * * * *

"Q. Do you recall putting your foot on the brake? A. Yes, I recall putting my foot on the brake.

"Q. Do you recall mashing it down? A. I just got hurt. I just bounded up to the top of the car. Maybe I was just scared.

"Q. You remember you had in mind putting it on, but whether you got it on you don't know? A. Well, I moved my foot."

The truck is pictured below:

The passenger car crashed into the back of this truck and as a result the car was damaged and Mrs. Dudley was injured.

Appellees citing Sec. 127(a) of art. 6701d, Vernon's Ann.Civ.St., which provides that at the time and places indicated the driver of a motor vehicle shall use an uppermost distribution of light so aimed and of sufficient intensity to "reveal persons and vehicles at a safe distance in advance of the vehicle" and subsections (a) and (d) of Section 126 of the same Article providing (a) that headlamps of a motor vehicle shall be "so aimed and of such intensity as to reveal persons and vehicles at a distance of at least three hundred and fifty feet ahead for all conditions of loading" and (d) that as to the lowermost distribution of light "All road lighting beams shall be so aimed and of sufficient intensity to reveal a person or vehicle at a distance of at least one hundred (100) feet ahead" come to the conclusion, as a matter of law, that Mrs. Dudley could and should have seen the truck at least 350 feet in front of her and that this was ample space within which to stop her car. They thus seek to apply the so-called range of vision doctrine.

The effect of accepting this doctrine would be to nullify the effect, in similar situations, of Sec. 111 of art 6701d, which provides that every motor vehicle shall have a tail lamp which "shall emit a red light plainly visible from a distance of five hundred (500) feet to the rear".

Appellees cite several cases to sustain their position the first being Jones v. Sunshine Grocery and Market, 236 S.W. 614, by the Dallas Court of Civil Appeals. We will not discuss that case in detail because motor vehicles and traffic problems and laws relating to them have undergone radical changes since 1922, the date of that decision. That case is distinguishable from this in that there the evidence did not show that the car which ran into a truck parked partly on the pavement at night without lights or warning signal was itself equipped with properly functioning headlamps. Standard Paving Company v. Webb, 118 S.W.2d 456, Fort Worth Civil Appeals, is similarly distinguishable in that the plaintiff car was not equipped with headlights as required by law and by the further fact that plaintiff ignored flares and easily discernible warning signs.

Hoey v Solt, 236 S.W.2d 244, San Antonio Civil Appeals, was a daytime rear end collision where the front car was stopped at a traffic signal and the court held the driver of the car behind to be negligent as a matter of law in crashing into the first car. The fact that the driver was watching the car to his right was no excuse. Obviously this case is of no help here.

Appellees' final authority is Hipfner v. Anderson, 258 S.W.2d 357, 358, Fort Worth Civil Appeals, writ ref., n. r. e. There was a nighttime rear end collision in this case but the driver of the plaintiff car even though his lights were properly burning could not see the parked and unlighted truck because of dust. In affirming a judgment for plaintiff the Court said:

> "It seems to be the general rule, however, that the question of negligence is a question of fact and it is somewhat rare when a court of this State has held that negligence has been shown as a matter of law. Chief Justice McDonald, in Lone Star Gas Co. v. Fouche, Tex.Civ.App., 190 S.W.2d 501, ref., w. m., said that although there is a divergence of opinion as to the contributory negligence of a driver who fails to discover an object in the road within time to stop, the trend of decisions in Texas is unmistakeable: The issue is usually one for the jury."

The Court cites many cases in support of this statement and added this observation:

> "We think the better rule is that where care is shown, the sufficiency of such care is a question of fact."

The Lone Star opinion by Chief Justice McDonald contains an excellent discussion of this subject as does Texas Law Review, Vol. 28, p. 120.

It is our opinion that the headlamp and taillight provision of the traffic code, under the circumstances of this case, complement each other and that neither has the effect of supplanting the other. Both provisions have as one obvious purpose the avoidance of a rear end collision between the leading and following car and resultant damages and injuries to the cars and their occupants. Both cars and their occupants, under the statute, are entitled to these safeguards: that the following car have headlamps sufficient to "reveal" the leading vehicle at a distance of at least 350 feet and that the driver of the lead car shall have a red taillight "plainly visible" at 500 feet warning the driver of the following car that when he travels not less than 150 feet nearer such light that a vehicle will be revealed within his headbeam. Of course a red light plainly visible at 500 feet is less plainly visible as the distance increases. It is this 150-foot plus warning that appellees failed to give appellant. The warning of a red taillight at night is expected and relied upon by the motoring public and its absence cannot be excused, as a matter of law, by taking advantage of headlights of the other car. This would prefer the law violator over the nonviolator.

We find no conclusive evidence that appellant should have stopped her car before crashing into the truck. One look at this truck and the thought of it suddenly appearing out of the night in front of a car going 40–50 miles per hour at a distance of 350 feet is enough to cause an experienced motorist to shudder. That appellant suffered panic and fright was but natural. Under these circumstances it was for the jury to say whether she was guilty of contributory negligence in not stopping before the collision.

Hicks v. Frost, 195 S.W.2d 606, El Paso Civil Appeals, writ ref., n. r. e.; Western Development Corporation v. Simmons, 124 S.W.2d 414, El Paso Civil Appeals, writ ref.

Appellant has a point to the effect that the court erred in holding that neither Mr. Dudley nor the witness Maurice Parker were qualified to give an opinion as to the market value of his car. It does not appear that either witness was asked if he knew what the market value was but only what it was. It would seem that a witness could not answer as to market value unless he knew it but, however this may be, this question should not recur on a new trial. See Western Cotton Oil Co. v. Mayes, 245 S.W.2d 280, Eastland Civil Appeals.

The judgment of the court below is reversed and this cause is remanded for trial.

Reversed and remanded.