**W. E. BRYAN and Lindsey Hoffman, D.B.A. Bryan & Hoffman, Appellants,**

**v.**

**Roy L. LYKES, Appellee.**

**No. 7041.**

Court of Civil Appeals of Texas.

Amarillo.

April 24, 1961.

Rehearing Denied May 29, 1961.

Evans, Pharr, Trout & Jones, Lubbock, for appellants.

Allison, Mann & Allison, Levelland, for appellee.

CHAPMAN, Justice.

This is an appeal by W. E. Bryan and Lindsey Hoffman, a partnership, DBA Bryan & Hoffman from a judgment awarded Roy L. Lykes based upon a jury verdict in a personal injury case.

Appellants are road construction contractors and were in the process of constructing a hard surface upon Farm To Market Road

No. 1585 in Hockley County at the time the injuries were received by appellee for which the jury rendered the verdict forming the basis of the court's judgment appealed from herein.

■ Appellants had unloaded caliche from dump trucks along the road during the 29th day of May, 1959, and appellee while travelling west toward the sun along such road about 6:30 that evening ran his car into the caliche dumps, demolishing his 1957 Oldsmobile and injuring himself. From an abundance of evidence to that effect the jury found appellants did not have red flags placed on the road to warn of the caliche piles, that such failure was negligence and was a proximate cause of the injuries and damages.

Numerous contributory negligence issues were submitted and the jury found in answer to Special Issue No. 5 that appellee failed to keep a proper lookout. However, they found in the next two issues that such failure was not negligence and was not a proximate cause of the collision with the caliche. It is the answers on this series of contributory negligence issues just mentioned that form the basis of appellants' first three points of error asserted. They contend there was no evidence to support the jury's finding that failure to keep a proper lookout was not negligence and not a proximate cause but that in any event the negative answers to issues 6 and 7 were against the overwhelming weight of the evidence. In their second point they assert the finding of failure to keep a proper lookout was an irreconcilable conflict with the negative finding of negligence "and since as a matter of law, the failure of Lykes to keep a proper lookout was a proximate cause of the collision, such findings require that a new trial be granted." In their point three they contend that since appellee was guilty of contributory negligence in failing to keep a proper lookout that such negligence was a proximate cause of the collision. We believe the record in this case and the authorities applicable are con-

trary to appellants' contentions just recited, the jury having answered proximate causation against them. The testimony shows there were no signs to warn appellee as he turned on to the named farm to market road that such road was under construction, there were no flags or other warning devices on or near the caliche piles, and the condition of the road was not such as would place appellee on notice that the road was under construction. The record shows in effect that at the time of the accident a person approaching the caliche from the east toward the sun could not distinguish it because it blended in with the road and the sun. Appellee testified the caliche deposits were 2½ to 3 feet high, that he was looking straight down the road from 75 to 150 yards. There is not any probative evidence that the caliche was visible to a person driving west at approximately the time of the accident. The witness Refugio, who was plowing in an adjacent field to the road in question when the accident happened, testified the caliche was of similar color to the road. "You can't tell whether it is piles or not. It looks like level about like this." Mr. Taylor, Refugio's employer who lived near the scene of the accident, testified the caliche blended in with the sun as one traveled west about the time of the accident and was difficult to see. Even Mr. Hoffman testified similarly.

The court charged that "proper lookout" is "such a lookout as a reasonably and prudent person, in the exercise of ordinary care, would have used under the same or similar circumstances." In a case with a similar definition our Sup.Ct. has said, "Considering the definition the court gave of 'proper lookout', the effect of the jury's answer to Special Issue No. 15 was that the respondent was negligent." Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985, 988. However, in that case there were many conditions from which a jury could have found plaintiff contributorily negligent whereas in our case there is little, if any, probative evidence of negligence on the part of appellee. Additionally,

issues 5, 6 and 7 in the case at bar were not conditionally submitted as in the Little Rock Furniture Mfg. case just cited. In our case they answered "No" to Special Issue 7 inquiring: "Do you find from a preponderance of the evidence that the failure of Roy L. Lykes on the occasion in question to keep a proper lookout, if you have so found, was a proximate cause of the collision in question?" The issues having been conditionally submitted in the cited case and the jury having found plaintiff was not negligent they did not answer the proximate cause issue. Even so in that case the court said:

"[8–10] The burden rested on the petitioner to establish the defense of contributory negligence and to obtain a jury finding thereon. LeMaster v. Fort Worth Transit Co., 138 Tex. 512, 160 S.W.2d 224; Jordan v. Morten Investment Co., 127 Tex. 37, 90 S.W.2d 241. *An essential part of this defense was a finding of proximate causation.* Koons v. Rook, Tex.Com.App., 295 S.W. 592; Wells Fargo & Co. v. Benjamin, 107 Tex. 331, 179 S.W. 513; Dunn v. Texas Coca-Cola Bottling Co., Tex.Civ.App., 84 S.W.2d 545, writ dismissed. *While a finding that the respondent was not negligent would be a complete negation of this defense, a finding that the respondent was negligent would not establish the defense without the further finding that the negligence was a proximate cause of the collision.* * * *

"[13] *Since the essential element of proximate causation is lacking in the verdict, the conflict in the answers to Special Issues Nos. 15 and 16 is not fatal.* To require a judgment entered on a verdict containing conflicting answers to be set aside, the conflict between the answers must be such that one answer would establish a cause of action or defense, while the other would destroy it. In Pearson v. Doherty, 143 Tex. 64, 70, 183 S.W.2d 453, 456, the court quotes with approval as the

test in cases of this kind from the opinion in Howard v. Howard, Tex.Civ. App., 102 S.W.2d 473, 475, writ refused, as follows: "The test in such [a] case is, whether taking the finding alone in the one instance, a judgment should be entered in favor of the plaintiff; and taking it alone in the other, judgment should be entered in favor of the defendant." This statement was also quoted with approval in Fort Worth & D. C. Ry. Co. v. Welch, Tex.Civ. App., 154 S.W.2d 896, 898, and Goss v. Longview Hilton Hotel Co., Tex.Civ. App., 183 S.W.2d 998, 999.

"[14, 15] To apply this test, the court must consider each of the answers claimed to be in conflict, disregarding the alleged conflicting answer but taking into consideration all of the rest of the verdict, and if, so considered one of the answers would require a judgment in favor of the plaintiff and the other would require a judgment in favor of the defendant, then the answers are fatally in conflict. It is essential that the party seeking to set aside a verdict on the ground of conflict must be able to point out that one of the conflicting answers of the jury, in connection with the rest of the verdict except the issue with which it conflicts, necessarily requires the entry of a judgment different from that which the court has entered. *The petitioner cannot meet this test because the jury has not made a finding in its favor on proximate causation.*" (Emphasis ours.)

■ Appellants seem to rely principally upon three cases as authority for their contention that appellee was negligent as a matter of law and that such negligence was a proximate cause of the collision as a matter of law. The cases are Blakesley v. Kircher, Tex.Com.App., 41 S.W.2d 53; Texas Consolidated Theaters v. Mauldin, Tex.Civ.App., 152 S.W.2d 930 and Standard Paving Co. v. Webb, Tex.Civ.App., 118

S.W.2d 456. In the Blakesley v. Kircher case the Comm. of App. held proximate cause as a matter of law because defendant's car lights were admittedly open and visible to the plaintiff prior to the collision and should have been seen by him at the time of the accident. In the Mauldin case the jury found that plaintiff was under the influence of liquor and that he failed to keep a proper lookout but that neither act was a proximate cause of the collision. The San Antonio Court of Civil Appeals reversed the case, holding the proximate cause of negligence on lookout as a matter of law, but the real basis for the holding was that four of plaintiff's witnesses testified they saw the vehicle. The court said: "Four other persons, neither of them interested in the case, and all of them witnesses for appellee, testified they saw the parked car just before the collision. Only one of the four was under any duty to keep a lookout for the car." [152 S.W.2d 931]. In the Webb case the plaintiff turned his automobile to keep from crashing into a parked truck and receiving the injuries sued for. The accident happened within a road construction cite and the record showed there was a warning sign on each side of the road at the beginning of the improvement project reading "Warning—Drive Carefully—Road Under Construction" [118 S.W.2d 457] and that at night those signs were lighted with flares which made them easily discernible to travelers on the highway at night. Clearly all these cases are easily distinguishable on the facts from the case at bar in that the testimony from witnesses showed the objects collided with were easily discernible to the respective claimants. In our case all the probative testimony is that it was difficult to see the caliche at the time in question and that there were no signs warning the travelling public. In Texas & Pacific Ry. Co. v. Day, 145 Tex. 277, 197 S.W.2d 332, 333, our Supreme Court has said: "Contributory negligence barring a recovery as a matter of law is a conclusion sometimes compelled by the evidence, *but such cases are relatively rare.* Ordinarily this question

is for the trier of facts and only becomes a matter of law for the court when but one reasonable conclusion can be drawn from all the testimony. [Citing cases.] It is obvious that had Day been more cautious, he would not have been injured. But whether the precautions he took amounted to due care was properly left to the jury." (Emphasis added.) Accordingly, we hold from the record in this case that the finding by the jury against appellants on causation is fatal to their contentions that the favorable finding on proper lookout constituted contributory negligence that was a proximate cause of the collision as a matter of law. Under the authority of the Little Rock Furniture Mfg. Co. case above cited appellants simply failed to establish the burden required to prove contributory negligence that proximately caused the accident, and the findings by the jury were not contrary to the overwhelming weight of the evidence.

■ In their last two issues appellants assert there was no evidence to support the jury findings that appellee was not travelling at an excessive rate of speed under the circumstances, and that such was not negligence and the proximate cause, or in any event such findings are contrary to the overwhelming weight of the evidence and that appellee was guilty of negligence as a matter of law in travelling at an excessive rate of speed under the circumstances, which was a proximate cause of the collision as a matter of law.

■ These are issues on which appellants had the burden of proof and the jury answered all the speed issues in favor of appellee. He testified he was travelling about 45 to 50 miles per hour and could have stopped his car at the speed he was going in 50 feet. Additionally, testimony related in discussing the first three issues is material to the questions here under consideration. Even if it should be conceded that appellee was travelling at an excessive rate of speed under the circumstances and that such act was negligence, both of which

assertions are contrary to the jury findings, this still would not make such negligence a proximate cause of the collision as a matter of law. The rule that the question of proximate cause is for the jury prevails in Texas unless there is direct contradictory testimony of negligence which is in effect a proximate cause. Western Development Corporation v. Simmons, Tex.Civ.App., 124 S.W.2d 414 (Writ refused). See also Anderson v. Reichart, Tex.Civ.App., 116 S.W. 2d 772; Parr v. Herndon, Tex.Civ.App., 294 S.W.2d 162. The jury found for appellee on the proximate cause issues on speed and there is clearly sufficient evidence to support the issues. The judgment of the trial court is affirmed.