G. H. SPURLOCK et ux., Appellants,

v.

Naomi BURNETTE et vir, Appellees.

No. 11056.

Court of Civil Appeals of Texas.

Austin.

March 6, 1963.

Frank D. Kerbow, Austin, for appellants.

Brown, Sparks & Erwin, Austin, for appellees.

HUGHES, Justice.

This is a suit for damages resulting from the collision of a 1956 Cadillac sedan driven by Appellant Mrs. Pauline Spurlock and a 1959 Chevrolet driven by Mrs. Naomi Burnette.[1] The collision occurred about 5:30 p. m., February 9, 1961, at the intersection of West Forest Drive and U. S. Highway 290, known locally as the Fredericksburg Road. The Highway, at this point, runs in a general east-west direction. West Forest Drive intersects Highway 290 from the south and a STOP sign placed about ten feet back from the Highway on West Forest Drive requires southbound traffic on this street to stop before entering the Highway. The Highway, at this point, was outside the city limits of Austin, but the STOP sign was inside the city.

At the time of the collision, the weather was clear and the streets were in good condition.

Mrs. Burnette was driving south on West Forest Drive and Mrs. Spurlock was driving west on U. S. Highway 290 just prior to the collision. Both ladies were alone in their cars. There were no known eye witnesses to the collision other than the drivers of the cars. They each testified to the careful manner in which the car driven by her was being operated immediately before the collision.

Mrs. Spurlock's version of the occurrence is that she was driving at a speed of 35 or 40 miles per hour, the legal speed being 60 or 55 miles per hour. She was keeping a proper lookout and observed a car, Appellees', stopped at the STOP sign on West Forest Drive. The next thing Mrs. Spurlock knew Appellees' car was in front of her and, although she quickly applied her brakes, she ran into it.

Mrs. Burnette's version of the occurrence was that being thoroughly aware of the STOP sign since she lived within three blocks of it and observed it frequently, she approached the STOP sign, intending to stop, but that when she applied her brakes, about 50' from the sign, the brakes failed and the car went out into the Highway where the Spurlock car struck it.

The evidence shows that the Burnettes did not know and had no reason to know or suspect that the brakes on their car were

1. The respective husbands, G. H. Spurlock and Herbert F. Burnette, were parties.

faulty or defective. The evidence also shows, from witnesses other than the parties, that the brake fluid had leaked from the Burnette car as it approached the Highway on this occasion.

Trial was to a jury which exonerated both parties of negligence and found that the collision was the result of an unavoidable accident.

■ In Appellants' Motion for a new trial the only errors assigned are that certain jury findings are "without any support in the evidence and is (are) against the uncontradicted testimony." These are "no evidence" assignments. We are confined to the assignments made and cannot enlarge them so as to embrace, as Appellants do in the points in their brief, the ground that the findings of the jury are against the overwhelming weight of the evidence. Dallas Railway & Terminal Co. v. Bailey, 151 Tex. 359, 250 S.W.2d 379.

The jury found: Mrs. Burnette did not fail to keep a proper lookout; that her failure to yield the right of way to Mrs. Spurlock was not negligence; that her failure to sound the horn immediately prior to the collision was not negligence; that her failure to turn her car to the right immediately before the collision was not negligence; and that the collision was the result of an unavoidable accident.

It is these findings that Appellants say have no evidence to support them.

Regarding the lookout kept by Mrs. Burnette, she testified:

"Q  Well, Mrs. Burnette, did you see the car approaching you?

"A  No, I certainly didn't.

"Q  You didn't see it approaching?

"A  I was so frantic, I didn't know what I was doing.

"Q  Because your brakes were out?

"A  Yes, sir, I didn't have any brakes.

"Q  And do you recall whether or not you looked to your right or to your left?

"A  I had no reason to, I was so frantic, I was just scared to death.

"Q  You had you hands—you were fully occupied trying to get your car stopped?

"A  I certainly was."

The question is whether Mrs. Burnette kept a "proper lookout." This term was defined in the charge as "such a lookout as a person of ordinary prudence in the exercise of ordinary care would have kept under the same or similar circumstances."

As Mrs. Burnette approached the STOP sign it was of little concern to her that Mrs. Spurlock's car was nearing the intersection or that other traffic on the Highway was or was not present. Her duty was to stop, regardless of the existence of traffic on the Highway. This Mrs. Burnette intended to do and would have done but for the failure of the car brakes. The fact that Mrs. Burnette did not see the Spurlock car is not conclusive evidence that she was not keeping a proper lookout under the circumstances then existing. The time lapse between the frightening brake failure and the collision was so short as to make Mrs. Burnette's conduct during this period a matter for jury appraisal.

■ It is our opinion that the jury finding that Mrs. Burnette did not fail to keep a proper lookout is supported by evidence. See Beckham v. Herrin Transportation Co., 344 S.W.2d 953, Houston Civil Appeals, and Dudley v. Carlson, 273 S.W.2d 918, writ ref., n. r. e., Austin Civil Appeals.

■ Mrs. Burnette did not yield the right of way to Mrs. Spurlock; neither did she sound her horn. These acts, or failures to act, were found by the jury not to constitute negligence. This term was defined in the charge in the usual manner and is gauged by the conduct of the ordinarily prudent man.

under the same or similar circumstances. The jury necessarily and very wisely has a wide range of discretion in determining what conduct is or is not negligent. We believe the circumstances of this case are such that the jury findings of no negligence are well within the latitude of the jury's prerogatives. The violation of penal statutes, if reasonably excused, is not negligence as a matter of law. Cunningham v. Suggs, 340 S.W.2d 369, Eastland Civil Appeals, writ ref., n. r. e.; Phoenix Refining Co. v. Powell, 251 S.W.2d 892, San Antonio Civil Appeals, writ ref., n. r. e.

Having disposed of all of Appellants' points properly before us and finding no error, we affirm the judgment of the Trial Court.

Affirmed.