**Carl G. ZIMMERMAN, Appellant,**

v.

**ALLIED VAN LINES, INC., a corporation, Appellee.**

**No. 18288.**

United States Court of Appeals Ninth Circuit.

May 7, 1963.

Rehearing Denied June 11, 1963.

——◆——

John E. Madden, Phoenix, Ariz., for appellant.

O'Connor, Anderson & Westover, and Ralph Hunsaker, Phoenix, Ariz., for appellee.

Before ORR, BARNES and JERTBERG, Circuit Judges.

JERTBERG, Circuit Judge.

Appellant, plaintiff below, appeals from a judgment awarding him damages against appellee in the sum of $11,611.-90 for loss of and damage to household goods transported by appellee from New Jersey to Arizona.

Jurisdiction of the District Court is founded upon the diverse citizenship of the parties, and the amount in controversy exceeds $10,000.00, 28 U.S.C. § 1332. This court has jurisdiction of the appeal under 28 U.S.C. §§ 1291–1294.

The cause was submitted to the District Court upon a written stipulation of facts under which liability of appellee is admitted.

The basic question on this appeal is whether appellant, as a matter of law, is entitled to judgment in the amount of $20,000.00 instead of the amount awarded by the District Court.

The salient facts contained in the stipulation may be summarized as follows: In October of 1960, at Westfield, New Jersey, appellant delivered certain household articles to appellee for shipment to Scottsdale, Arizona. Appellee undertook the transportation of the articles as a motor carrier and while enroute, the vehicle in which the household articles were carried caught fire. As a result, all articles in the shipment were either destroyed or damaged by heat, smoke and water, or the activities of persons attempting to extinguish the fire.

When appellee received the articles for shipment, it issued to appellant a non-negotiable bill of lading which, in pertinent part, provides:

"SUBJECT TO THE FOLOWING CONDITIONS:—

"1. RATES, RULES AND REGULATIONS IN ALLIED VAN TARIFF 79C Sec. II in effect on date hereof;

2. * * *

3. SHIPPER DECLARES VALUE OF ENTIRE SHIPMENT to be $20,000 and RELEASES AND LIMITS VALUE AND LIABILITY as provided in Section 1 of Contract Terms ON REVERSE SIDE hereof.

NOTICE: UNLESS A GREATER VALUE IS DECLARED, LIABILITY IS LIMITED TO 30 CENTS PER POUND OF AND FOR EACH ARTICLE LOST OR DAMAGED."

[On reverse side]:

"CONTRACT TERMS AND CONDITIONS

"SECTION 1. The carrier shall be liable for the actual loss or damage of or to any article (except documents, specie or articles of extraordinary value which are not specifically listed on the bill of lading) while being carried or held in storage-in-transit, arising or resulting from any external cause *other than* an act, omission or order of the shipper, owner of the goods, or a civil or military authority, *provided* that the shipper has declared in writing upon the bill of lading the full actual value of the entire shipment; *otherwise*, the liability of the carrier for loss or damage to any such article shall be released and limited:

(a) To 30 cents per pound of the weight of the lost or damage— article if the shipper has failed to make any declaration of the value in writing upon the bill of lading; or

(b) To a proportion of the declared value of the entire shipment, represented by the percentage which the full actual value of the lost or damaged article bears to the full actual value of the entire shipment if the value so declared by the shipper is less than the full actual value of the shipment.

"SECTION 2. Shipper shall:

(a) Be liable for any and all charges applicable under carrier's tariffs, and pay therefor as provided in said tariffs; and

(b) Indemnify carrier against loss or damage caused by inclusion in the shipment of explosives or dangerous articles of goods."

As noted, appellant declared the value of the shipment to be $20,000.00. However, the actual value of all articles delivered to the carrier was $46,578.45, and the total amount of damage to all articles exceeds the declared value of $20,000.00.

The claim for loss was filed by appellant within the time and in the manner prescribed by law and the terms of the bill of lading. The appellee gave written notice of disallowance of the claim, whereupon the action in the District Court resulted.

Appellant specifies that the District Court erred as a matter of law by construing the bill of lading issued to appellant by appellee as allowing computation of liability for loss of each article in the shipment by alternative methods, rather than by the application of a uniform method of computation for the loss to each article.

We deem it unnecessary to consider appellant's other specification of error.

49 U.S.C. § 20(11), as applicable to interstate motor carriers under 49 U.S.C. § 319, imposes liability on the carrier for the full actual loss which occurs to property within its custody but provides that a carrier may limit its liability for loss or damage to a shipment concerning which the carrier is authorized by the Interstate Commerce Commission to establish rates dependent upon the value of the property being declared in writing by the shipper. That portion of 49 U.S.C. § 20(11), with which we are concerned is as follows:

" * * * the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, * * * to property, * * * received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, * * *."

The quoted provision is commonly known as the Second Cummins Amendment, 39 Stat. 441 (1916).

There appears to be no dispute between the parties that the cost paid by appellant for the transportation service was based upon a rate dependent upon the declared value of $20,000.00 for the entire shipment and that establishment of such rate had been authorized or approved by the Interstate Commerce Commission.

An examination of the bill of lading discloses that it contains no declaration of value on a per item, or per unit, or per weight basis.

The parties agree that Section 1(b) of the bill of lading establishes a formula for determining the amount of appellee's liability in respect to each article in the entire shipment, and that the working out of the formula establishes a percentage which limits the maximum amount of liability of appellee on each article contained in the entire shipment. It has been stipulated that loss or damage was occasioned to each article thereof.

The theory of appellant is that he is entitled to recover the maximum amount of liability resulting from the application of the formula in respect to each article in the entire shipment, but that his aggregate recovery on all articles is the sum of $20,000.00, the declared value on the entire shipment.

The theory of appellee is that appellant is entitled to recover the maximum amount of liability resulting from the application of the formula in respect to each article as to which the actual damage amounts to or exceeds the maximum recovery resulting from the application of the formula, but that as to each article whose actual damage is less than the maximum amount of liability resulting from the application of the formula, recovery is limited to the amount of actual damage.

These conflicting theories are more bluntly and tersely stated by appellee [Brief p. 10]: "The only trouble is that appellant feels he is entitled to 'formula recovery' on all items, and appellee feels

that this is merely a limit on those items damaged in amounts exceeding that limit."

It is to be noted that Section 1(b) of the bill of lading sets forth only one method for the computation for loss on each article in the shipment and that is by the application of a uniform method, i. e., the liability for loss or damage to each article shall be limited to a proportion of the declared value of the entire shipment, *represented by the percentage which the full actual value of the lost or damaged article bears to the full actual value of the entire shipment, if the value so declared by the shipper is less than the full actual value of the shipment.* (Italics ours). The section does not state that an alternative method may also be used, i. e., actual damage or loss to an article, when such loss or damage is less than the amount produced by the application of the percentage derived from the formula. Appellee justifies the use of the alternative method on the ground that to permit the "formula recovery" in respect to such article would result in unjust enrichment to the shipper in those instances wherein "formula recovery" exceeds actual damage. We are not impressed by the unjust enrichment argument in this case since it appears appellant's loss on the entire shipment exceeds the declared value of $20,000.00. Appellant concedes "that the declaration of a $20,000.00 value creates estoppel against any claim for a greater amount. A. C. Lawrence Leather Co. v. Campagnie Generale Transatlantique, 18 F.2d 930 (C.A.2, 1927)."

In our view under the stipulation of facts appellant is entitled to a judgment in the amount of the declared value of the entire shipment. We see no inequity in our holding since concededly appellant's loss exceeded said amount and the rate for appellee's service was dependent on the declared value of $20,000.00.

The cause is remanded to the District Court with directions to increase the judgment heretofore entered in favor of appellant by the sum of $8,388.10.

Each party shall bear its own costs on appeal.