**ALAMO EXPRESS, INC., Appellant,**

**v.**

**BROWNING MINERAL & ORE COMPANY, Appellee.**

No. 14899.

Court of Civil Appeals of Texas, San Antonio.

July 29, 1970.

Rehearing Denied Sept. 9, 1970.

 

through a wooden door, but it was not ascertained at this time that any of the mercury was missing. On September 29, 1967, it was discovered that 37 flasks of mercury were missing, consisting of 15 flasks itemized in T & E No. 222, 20 flasks itemized in T & E No. 243, and 2 flasks itemized in T & E No. 276. On October 4, 1967, appellee made demand upon appellant to deliver the 37 flasks of mercury, but appellant was unable to comply with such demand because of the fact that they had disappeared from appellant's warehouse. It is appellant's contention that such flasks of mercury were stolen on the occasion when the warehouse was broken into, but there is no positive proof of this.

Appellant contends on this appeal that the court erred in entering judgment for appellee because there is no evidence of any negligence on the part of appellant, and asserts that the relationship of common carrier did not arise between the parties, but that the relationship was that of bailor and bailee for the mutual benefit of both. This case was not tried on that theory in the trial court. The whole thrust of appellant's contention in the trial court was not that it was not liable, but that it was liable only to the extent of 50 cents per pound. Appellant alleged in its first amended original answer that the mercury involved was delivered by appellee to appellant as a common carrier-motor carrier for transportation in interstate commerce under a positive agreement that the value thereof as between appellant and appellee would not exceed 50 cents per pound, and asked that the trial court enter judgment for appellee in the amount of $1,406.00. Throughout the trial, appellant tried to introduce in evidence three purported bills of lading which were issued after the loss, but was not allowed to do so by the court. Appellant does not complain on this appeal of the trial court's failure to allow introduction of such

Oliver & Oliver, San Antonio, for appellant.

House, Mercer, House & Brock, Loyd E. Bingham, Jr., San Antonio, for appellee.

KLINGEMAN, Justice.

This is a suit filed by Browning Mineral & Ore Company against Alamo Express, Inc., to recover damages for the loss of thirty-seven flasks of mercury which disappeared after having been placed in Alamo's freight terminal warehouse in Laredo, Texas. Trial was to the court without a jury and judgment rendered against appellant in the sum of $17,898.44, together with interest from date of judgment at the rate of 6% per annum, and court costs.

During the months of August and September, 1967, Mr. Hovel, a broker selected by appellee to effect custom entry of the mercury from Mexico, delivered 55 flasks of mercury to appellant's freight terminal warehouse in Laredo. Such flasks of mercury were delivered under and are described in three transport entry and permit forms, referred to as "T & E" forms.[1] On the night of September 22, 1967, someone broke into the warehouse, making an entry

---

[1]. These "T & E" forms, in addition to describing the items covered, show the weight, the value thereof, the shipping rate, and recite that the items are to be shipped in bond via Alamo Express, Inc. They contain a receipt by Alamo of such items in apparent good order.

bills of lading, and has brought forth no assignment of error in regard thereto.

■ Appellant has judicially admitted that the mercury was delivered to it as a common carrier for transportation in interstate commerce and is statutorily liable for the full actual loss of the 37 flasks of mercury. 49 U.S.C. § 20(11), as applicable to interstate motor carriers under 49 U.S.C. § 319, imposes liability on the carrier for the full actual loss which occurs to property within its custody but provides that a carrier may limit its liability for loss or damage to a shipment concerning which the carrier is authorized by the Interstate Commerce Commission to establish rates dependent upon the value of the property being declared in writing by the shipper.[2] See Zimmerman v. Allied Van Lines, Inc., 317 F.2d 72, 74 (9th Cir. 1963). Appellant has now waived and abandoned its defense of limited liability by failing to bring forth any assignment of error in regard thereto and by failing to brief it on this appeal.

The judgment of the trial court is also sustainable under appellee's alternative plea of negligence. Appellee pleaded in the alternative that appellant was guilty of negligence in failing to provide a safe place of storage for the mercury, and in failing to provide adequate personnel to watch over and safeguard the mercury in its possession from loss or theft. There was testimony that ordinarily common carrier-motor carriers keep their valuable cargo in a segregated area, which is either enclosed by bars or heavy netting, and sometimes in safes; that the warehouse here involved did not have any type of segregated area for valuable cargo; that Alamo had no guards or watchmen at night at the warehouse and none in the daytime, except for its regular employees. The testimony also shows that Alamo did not discover the loss of the mercury for a period of several days after it was aware that its warehouse was broken into. The testimony as to how securely the warehouse was constructed is conflicting. There is testimony, which is uncontradicted, that the market value of the mercury lost was $17,898.44.

■ No findings of fact or conclusions of law were requested or filed by the trial court, and the trial court's judgment should be affirmed if it can be upheld on any legal theory that finds support in the evidence. Bishop v. Bishop, 359 S.W.2d 869 (Tex. Sup.1962); Oakley v. Armstrong Transfer and Storage Co., 378 S.W.2d 912 (Tex.Civ. App.—Waco 1964, no writ); Nortex Oil & Gas Corp. v. Clark, 369 S.W.2d 671 (Tex. Civ.App.—Dallas 1963, no writ). In the absence of such findings of fact and conclusions of law the trial court's judgment implies all necessary fact findings in support of the judgment. In seeking to determine whether there is any evidence to support the judgment and the implied findings of fact incident thereto, it is proper to consider only that evidence most favorable to the issue and to disregard entirely that which is opposed to it or contradictory in its nature. Renfro Drug Company v. Lewis, 149 Tex. 507, 235 S.W.2d 609 (Tex.Sup. 1950); Northeast Texas Motor Lines v. Dickson, 148 Tex. 35, 219 S.W.2d 795 (Tex. Sup.1949).

■ Viewing the evidence in the light most favorable to the winning party, as we are required to view it, there is sufficient evidence to support the trial court's implied

---

2. " * * * the provisions hereof respecting liability for full actual loss, damage, or injury, notwithstanding any limitation of liability or recovery or representation or agreement or release as to value, and declaring any such limitation to be unlawful and void, shall not apply, * * * to property, * * * received for transportation concerning which the carrier shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared *in writing* by the shipper or agreed upon *in writing* as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released, * * *."

finding that appellant was guilty of negligence proximately causing the loss incurred.

■ Appellee by cross-assignment of error complains that the trial court erred in not rendering judgment for appellee for interest eo nomine from October 1, 1967, or in the alternative from January 1, 1968, at the rate of 6% per annum on the $17,898.44 awarded to appellee. Appellee asserts that under the provisions of Art. 5070, Vernon's Ann.Civ.St., such interest should have been awarded. This statute provides that when no specified rate of interest is agreed upon by the parties, interest at the rate of 6% per annum shall be allowed on all written contracts ascertaining the sum payable from and after the time when the sum is due and payable; and on open accounts from the first day of January after the same are made. We do not regard such statute applicable in this case. There is no written contract ascertaining the sum payable involved here, nor is there any open account. 33 Tex.Jur.2d, Interest, § 13; Judgments, § 61. Appellee's cross-assignment of error is overruled.

The judgment of the trial court is affirmed.