**Lillian Williams MIDDLETON, Appellant,**

v.

**Frances MIDDLETON, Individually and as Guardian for Dana Sue Middleton, a Minor, Appellees.**

No. 11897.

Court of Civil Appeals of Texas, Austin.

April 12, 1972.

Rehearing Denied May 10, 1972.

Wilson, Logan, Lear & Massey, Tom Lear, Gregory Gossett, San Angelo, for appellant.

Marschall, Hall & McLaughlin, John Mark McLaughlin, San Angelo, for appellee.

PER CURIAM.

Appellees, Frances Middleton and Dana Sue Middleton, plaintiffs below, brought this suit against Appellant, Lillian Williams Middleton, and others, in the District Court of Coke County to enforce an alleged contract made by W. B. (Dan) Mid-

dleton not to revoke his will, under which, in effect, he left all his property to his daughter, Dana Sue Middleton. Frances Middleton was the first wife of Dan Middleton and is the mother of Dana Sue Middleton. Appellees further sought to set aside certain conveyances of land and bank stock made by Dan Middleton to appellant, Lillian Williams Middleton, who was Middleton's second wife.

Appellant filed her answer denying the execution of the contract and pleaded in the alternative that the conveyances made to her were reasonable, were made in good faith and were not in violation of the contract. Appellant contended, further, that a court of equity would not enforce such a contract against a surviving widow. Appellant also filed a cross-action alleging that Dan Middleton had contracted with her to leave her at least one half of the property he owned at his death.

In response to special issues, the jury found that Dan Middleton had executed a contract in 1959 upon which the plaintiffs based their cause of action, that Lillian Williams Middleton had no actual knowledge of the contract at the time she entered into her marriage with Dan Middleton, and that before their marriage Dan and Lillian Williams Middleton mutually agreed that if she would marry him, he would leave her one half of all his property. Based upon these findings, the trial court entered a judgment for appellees, setting aside the conveyances made by Dan Middleton to Lillian Williams Middleton, and vesting full title in Dana Sue Middleton to all of her father's estate.

Rule 374, Texas Rules of Civil Procedure [1] requires that a motion for new trial

shall constitute the assignments of error on appeal and that a ground of error not distinctly set forth in the motion for new trial shall be considered as waived.

■ The only assignment of error in appellant's motion for new trial was that the "verdict and judgment as entered herein are not supported by the law or the evidence." This assignment of error did not preserve any ground of error for review by this Court. Swafford v. Boyles, 437 S.W.2d 306 (Tex.Civ.App. 1969, no writ); Cain v. Zurich Insurance Company, 426 S.W.2d 575 (Tex.Civ.App. 1968, no writ); Roberts v. K–Mart Foods, Inc., 470 S.W.2d 751 (Tex.Civ.App. 1971, writ ref. n.r.e.); Cox v. National Life and Accident Insurance Company, 420 S.W.2d 213 (Tex.Civ.App. 1967, writ ref. n.r.e.), Alamo Express, Inc. v. Browning Mineral and Ore Company, 457 S.W.2d 588 (Tex.Civ.App.1970, writ ref. n.r.e.).

■ Appellant contends that a proper motion for new trial was not necessary to the preservation of error in her case since she filed a motion for judgment on the verdict. The only point in appellant's motion for judgment was that she was entitled to judgment "for the reason that the pleadings and the findings of the jury . . ." so entitled her. Without passing on that question, the record shows that her motion for judgment on the verdict was never overruled, and as a consequence is not before this Court. Barnett v. Woodland, 310 S.W.2d 644 (Tex.Civ.App. 1958, writ ref. n.r.e.).

■ We do not agree with appellant's contention that an agreed statement between the parties as to points of error to

1. Rule 374, T.R.C.P.:
"The motion for new trial, when required to be filed under these rules, shall constitute the assignments of error on appeal or writ of error. *A ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required shall be considered as waived.* Complaint of the action of the court on all matters arising under circumstances where no motion for new trial is required by these rules, if relied upon on appeal, shall be included in the statement of points in the brief as hereinafter provided, and in such cases no assignments of error shall be necessary." Amended by order of March 31, 1941, effective Sept. 1, 1941. (Emphasis added)

be relied upon by appellant, either under Rule 377a[2] or Rule 403,[3] Texas Rules of Civil Procedure, renders a motion for new trial unnecessary. In this case the filing of a motion for new trial is a prerequisite to appeal. Texas Power and Light Company v. Cole, 158 Tex. 495, 313 S.W. 2d 524 (1958); State Farm Mutual Automobile Insurance Company v. Cowley, 468 S.W.2d 353 (Tex.Sup. 1971); Barrett v. Curtis, 407 S.W.2d 359 (Tex.Civ.App. 1966, no writ).

Judgment of the trial court is affirmed.

Affirmed.

2. Rule 377a, T.R.C.P.:
"For the purpose of inducing the opposing party to accept an abbreviated transcript or statement of facts, the appellant, or the appellee to the extent that he complains of the judgment or any part thereof, may file with the clerk of the trial court a statement of the points on which he intends to rely on appeal; and he shall thereafter be limited to such points."

3. Rule 403, T.R.C.P.:
"All agreements of parties or their counsel relating either to the merits or conduct of the case in the court or in reference to a waiver of any of the requirements prescribed by the rules, looking to the proper preparation of an appeal or writ of error for a submission, shall be in writing, signed by the parties or their counsel, and filed with the transcript or be contained in it, and, to the extent that such agreement may vary the regular order of proceeding, shall be subject to such orders of the court as may be necessary to secure a proper presentation of the case."