**Thomas HARDY, Appellant,**

v.

**C. P. I. SALES, INC., Appellee.**

**No. 16340.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

May 30, 1974.

Eddington & Friloux, William S. Cox, Houston, for appellant.

Lorance & Thompson, Don E. Wittig, Houston, for appellee.

COLEMAN, Chief Justice.

This is a personal injury action which was tried to a jury. The plaintiff appeals from a judgment entered on the jury's verdict.

The plaintiff was injured in the course of unloading sheets of plywood with the help of the defendant's employee. After lifting the load with "mules," they were rolling it across a temporary ramp, a metal plate, when the injury occurred.

The jury found that on the occasion in question the defendant, C.P.I. Sales, Inc., failed to secure in place the metal plate, which was negligence and a proximate cause of the occurrence in question. It also found that at the time and place under the circumstances existing on the occasion in question Thomas Hardy failed to use ordinary care in maintaining a proper lookout which was a proximate cause of the occurrence in question. It failed to find that Thomas Hardy voluntarily assumed the risk, if any, of the method used in unloading the plywood.

This case arose before September 1, 1973, when the new comparative negligence Act came into effect. Texas Laws 1973, Ch. 28, Sec. 1, AT. 41. The trial court then entered the judgment required by the verdict that the plaintiff take nothing.

Serious questions are presented by reason of the wording of appellant's points of error:

1. The Trial Court erred in overruling appellant's objection to submission of Special Issue No. 4, Sections A, B, C, and D for the reasons stated in such objections.

2. The Trial Court erred in overruling appellant's objection to submission of Special Issue No. 5, Sections A, B, C and D for the reasons stated in such objections.

3. The Trial Court erred in overruling Plaintiff's Motion to Disregard Findings on Special Issues or in the alternative, Plaintiff's Motion for Judgment Non Obstante Veredicto, for all and singular the reasons stated therein.

4. The Trial Court erred in failing to disregard the jury's answer to Special Issue No. 4A in that there was insufficient evidence to support such finding.

5. The Trial Court erred in failing to disregard the jury's answer to Special Issue No. 5A in that there was insufficient evidence to support such finding.

6. The Trial Court erred in failing to disregard the jury's answer to Special Issue No. 4A in that said answer was so against the overwhelming preponderance of the evidence as to be manifestly unjust.

7. The Trial Court erred in failing to disregard the jury's answer to Special Issue No. 5A in that said answer was so against the overwhelming preponderance of the evidence as to be manifestly unjust.

His motion for new trial contains only one assignment of error, to wit: "The Trial Court erred in overruling Plaintiff's objections to Defendant's Special Issues Nos. 4, 5, and 6, and the trial court further erred in allowing such issues to be submitted to the jury for the reasons that such issues were unsupported by the evidence presented."

When a motion for new trial is required, the appellate courts can consider only complaints raised by assignments of error therein, or the grounds of an overruled motion for judgment n. o. v., or to disregard issues, authorized by Rule 301, Texas Rules of Civil Procedure. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407 (1943). Unless the error is fundamental the appellant waives the right to complain of any ruling which has not been assigned as error. State Farm Mutual Automobile Insurance Co. v. Cowley, 468 S.W.2d 353 (Tex.1971). Texas Rule of Civil Procedure 374 states:

" . . . a ground of error not distinctly set forth in the motion for new trial, in cases where a motion for new trial is required, shall be considered as waived . . ."

An assignment of error in a motion for new trial is a formal complaint concerning some action of the trial court. The purposes of assignments are: (1) to apprise the trial court of its erroneous actions or rulings and allow the court to reconsider the propriety of its rulings; and (2) to designate such error to the appellate court and relieve it of the burden of searching the record for error.

Each adverse jury finding is susceptible to attack on the grounds of legal and factual insufficiency of the evidence. Legal sufficiency complaints are requests that the trial court enter judgment for the moving party contrary to the verdict. Legal sufficiency assignments should be based on and related to one or more of the four procedural pre-judgment motions: (1) motion for instructed verdict; (2)

objection to the submission of a vital fact issue; (3) a Rule 301 motion to disregard the jury's answer to a special issue; (4) a Rule 301 motion for judgment notwithstanding the verdict. The grounds in a Rule 301 motion, which has been overruled, are preserved for appellate review without being repeated as assignments of error in the motion for new trial. Wagner v. Foster, supra; J. Weingarten, Inc. v. Moore, 449 S.W.2d 452 (Tex.1970). Factual sufficiency assignments are requests to the court to set aside a judgment and grant a new trial. Garza v. Alviar, 395 S.W.2d 821 (Tex.1965). There are no pre-judgment procedural steps required for these assignments. Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Texas Law Review 361 (1960); Darryl v. Ford Motor Co., 440 S.W.2d 630 (Tex. 1969).

■ Assignments in a motion for new trial challenging the legal and factual sufficiency of the evidence must be stated in distinct language and set out in separately numbered assignments. Rules 320, 321, 322, Texas Rules of Civil Procedure. A legal sufficiency assignment cannot be enlarged on appeal to embrace a factual sufficiency point of error, or vice versa. McDonald v. New York Central Mutual Fire Insurance Co., 380 S.W.2d 545 (Tex. 1964).

■ When a motion for new trial is required, a point of error to the court of civil appeals must be germane to an assignment of error in the motion for new trial. St. Louis Southwestern Railway Co. v. Duke, 424 S.W.2d 896 (Tex.1967); St. Louis Southwestern Railway Co. v. Gregory, 387 S.W.2d 27 (Tex.1965). If a point of error begins with the words "The Trial Court erred in overruling . . ." and refers to one of the four pre-judgment motions set out in Judge Calvert's Texas Law Review article, supra, as the procedural basis for legal sufficiency complaints, the point of error cannot be considered a factual sufficiency challenge even if it contains "great weight" or "insufficient evidence" language. McDonald v. New York Central Mutual Fire Insurance Co., supra; Francis v. Herrin Transportation Co., 473 S.W.2d 664 (Tex.Civ.App.—Houston [1st Dist.] 1971, no writ); Houston Maritime Association v. South Atlantic & Gulf Coast District of the I.L.A., 367 S.W.2d 705 (Tex.Civ.App.—Houston [1st Dist.] 1963, no writ).

■ The grounds in plaintiff's Rule 301 motion cannot be considered on this appeal because the motion is not shown to have been acted on by the trial court. The transcript contains no order overruling plaintiff's Rule 301 motion and therefore the grounds in that motion are waived. Middleton v. Middleton, 479 S.W.2d 775 (Tex. Civ.App.—Austin 1972, writ ref'd n. r. e.); Barnett v. Woodland, 310 S.W.2d 644 (Tex.Civ.App.—Austin 1958, writ ref'd n. r. e.); Brown v. Forum Insurance Co., 507 S.W.2d 576 (Tex.Civ.App.—Dallas 1974, no writ hist.).

■ By his first two points the appellant presents the proposition that the trial court erred in overruling the appellant's objection to a submission of Special Issues Nos. 4 and 5 "for the reasons stated in such objection." These points are multifarious and too general to comply with Rule 418, Texas Rules of Civil Procedure. T. J. Service Company v. U. S. Fidelity & Guaranty Co., 472 S.W.2d 168 (Tex.Civ. App.—Corpus Christi 1971, writ ref'd n. r. e.); City of Shamrock v. Hrnciar, 453 S. W.2d 898 (Tex.Civ.App.—Eastland 1970, writ ref'd n. r. e.). This court cannot consider the points because in each there is an attempted incorporation by reference of the grounds set out in the objections made to the court's charge. J. Weingarten, Inc. v. Moore, supra; Wagner v. Foster, supra.

Appellant's third point must also be overruled. There he complains of the action of the trial court in overruling plaintiff's motion to disregard findings on special issues or in the alternative, plaintiff's motion for judgment non obstante veredic-

to, "for all and singular the reasons stated therein." This point is also multifarious and general and attempts to incorporate by reference the grounds stated in plaintiff's Rule 301 motion. In addition the transcript contains no order overruling plaintiff's motion under Rule 301 and therefore the grounds in that instrument cannot be brought forward in a point of error for appellate review. Middleton v. Middleton, 479 S.W.2d 775 (Tex.Civ.App.—Austin 1972, writ ref'd n. r. e.); Wagner v. Foster, supra.

Appellant's Points 4 and 5 complain that the trial court erred in failing to disregard the jury's answers to Special Issues Nos. 4a and 5a "in that there was insufficient evidence to support such finding." Points 6 and 7 complain that the trial court erred in failing to disregard the jury's answers to Special Issues Nos. 4a and 5a "in that said answer was so against the overwhelming preponderance of the evidence as to be manifestly unjust." All four of these points of error must be construed as legal sufficiency challenges because:

1. Each point refers to the error of the trial court in failing to disregard a jury's answer. The trial court can disregard a jury's finding only when there is no evidence or the evidence proves a fact as a matter of law. McDonald v. New York Central Mutual Fire Insurance Co., 380 S. W.2d 545 (1964); Biggers v. Continental Bus System, Inc., 157 Tex. 351, 303 S.W.2d 359 (1957); Rule 301, Tex.Rules of Civil Procedure.

2. These points are referrable to plaintiff's only assignment of error. This assignment can only be construed as a legal sufficiency challenge because of the language " . . . and the Trial Court further erred in allowing such issues to be submitted to the jury for the reasons that such issues were unsupported by the evidence presented." The trial court cannot refuse to submit an issue to the jury merely because the evidence is factually insuffi-

cient. McDonald v. New York Central Mutual Fire Insurance Co., supra. Terms such as "unsupported" have been held by the appellate courts as referring to "no evidence." Royal Indemnity Co. v. Hume, 477 S.W.2d 683 (Tex.Civ.App.—San Antonio 1972, no writ); Spurlock v. Burnette, 365 S.W.2d 812 (Tex.Civ.App.—Austin 1963, no writ); Texas Indemnity Ins. Co. v. Dunn, 221 S.W.2d 922 (Tex.Civ.App.—Waco 1949, no writ).

The points of error plaintiff has preserved for appellate review are the legal sufficiency of the evidence to support the jury's findings to Issues 4, 5, 4a and 5a that plaintiff was contributorily negligent in failing to keep a proper lookout and that this was a proximate cause of the injury. The test of evidence is the law test: look only to the evidence that favors the jury's finding and ignore all evidence to the contrary. C & R Transport, Inc. v. Campbell, 406 S.W.2d 191 (Tex.1966).

In our consideration of the evidence we must keep in mind certain well accepted rules of law. An owner or occupier of land owes a duty to exercise ordinary care to have his premises in a reasonably safe condition for use for invitees and to give them adequate notice of latent defects. Houston National Bank v. Adair, 146 Tex. 387, 207 S.W.2d 374 (1948). An invitee has the right to presume the premises are kept in a safe condition for his use and is under no obligation to search out defects. Triangle Motors of Dallas v. Richmond, 152 Tex. 354, 258 S.W.2d 60 (1953); Blanks v. Southland Hotel, Inc., 149 Tex. 139, 229 S.W.2d 357 (1950).

In considering these "no evidence" points, this court will consider only that evidence and the inferences reasonably to be drawn therefrom favorable to the jury verdict. Mr. Ricky J. Faunce, the warehouse foreman for the defendant, testified that after the truck backed up to the unloading dock he took a metal plate and laid it across the back of the truck where it would slope down onto the loading dock.

The bed of the truck was two to three inches above the level of the loading dock. The sheet of metal was approximately four feet long and thirty inches wide and about a quarter of an inch thick. He also furnished "mules." They are long wooden poles with wheels, and a metal bar on the bottom with an angle in it. He operated the mule near the rear of the truck and Mr. Hardy, the plaintiff, operated the mule near the cab. Each of them inserted the metal prong on the mule under the stack of plywood and pushed down on the handle, lifting the load less than an inch off the bed of the truck, "just enough where the wheels of the mules would roll." He testified that he did not really know whether the end of the metal plate on the truck was sticking up but he knew that it had to be sticking up at least a quarter of an inch. There was nothing underneath the plate to prevent it from sliding off the truck. It was his opinion that when the wheels of the mule operated by Mr. Hardy came in contact with the metal plate it pushed it off of the truck onto the dock. The wheels of the mule operated by the plaintiff then dropped two or three inches from the truck to the concrete loading dock, and the weight of the plywood pushing down on the prong on the mule caused the handle to fly up and hit the plaintiff on the chin.

The plaintiff testified that after he arrived at the loading dock, it was his impression that they would unload the plywood by sliding it off onto the dock sheet by sheet. Mr. Faunce suggested that it be unloaded by use of the metal plate and the mules, and he agreed to that suggestion. He testified that while he did not specifically remember the incident, he probably saw Mr. Faunce place the metal plate on the truck. He didn't pay any attention as to whether it was fixed or stationary. Some "places" have plates that have braces on them that fit against the dock to prevent them from moving. He didn't notice this plate. He testified that if anybody had looked at the plate they could have seen that it was not fixed or stationary.

From this evidence the jury might reasonably have concluded that had the plaintiff been keeping the lookout that an ordinarily prudent person in the exercise of ordinary care would have kept, he would have seen that the metal plate was not braced and that it protruded above the floor of the bed of the truck. The jury might well have concluded that had he noticed these things, he should have realized the danger involved in the unloading method. The jury's answers to Special Issues 4a and 5a are supported by evidence having probative value.

" . . . the court can withdraw the question of contributory negligence of the plaintiff from the jury and determine it as a question of law only when from the facts in evidence but one rational inference can be drawn . . ." Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357 (1950).

The judgment is affirmed.