Melvin NIELL et ux., Appellants,

v.

Don MOONEY, Appellee.

No. 5024.

Court of Civil Appeals of Texas, Eastland.

July 28, 1977.

Henry J. Anderson and Thomas Schrandt, Wichita Falls, for appellants.

William H. Heatly, Dist. Atty., Paducah, for appellee.

WALTER, Justice.

This a summary judgment case. Producers Grain Corporation secured a judgment

against Melvin and Kathlee Niell on December 13, 1971, for $8,142.50. Thereafter in the same styled and numbered cause, Producers filed a motion for damages against Don Mooney and United States Fire Insurance Company. On December 11, 1974, the court rendered judgment against Mooney and U. S. Fire Insurance Company, jointly and severally for $7,961.98. Don Mooney filed this suit against Melvin and Kathlee Niell seeking to be subrogated to the rights of Producers Grain Corporation. Mooney's original petition alleges on March 11, 1976, he delivered to Producers his check for $11,131.33 "to pay off the judgment rendered against Melvin and Kathlee Niell." He also alleges that as a result of said payment he is entitled to "subrogation to the rights of Producers Grain Corporation." In his prayer, he asks "that he have his damages in the amount of $11,131.33 plus interest and for costs of suit.

In his motion for summary judgment, Mooney asserts it is predicated upon the pleadings and exhibits attached. The exhibits are certified copies of the two judgments rendered on December 13, 1971, and December 11, 1974.

Mooney's motion for summary judgment was granted and the Niells have appealed.

In the supplemental transcript, we find the motion for summary judgment which has attached to it proper certified copies of the two judgments described above. Rule 166–A, T.R.C.P., dealing with summary judgments provides in Section (c), ". . . No oral testimony shall be received at the hearing . . ." The rule also limits the evidence to "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . ." "This evidence must be in writing, be admissible, and have probative force . ." *Summary Judgment in Texas,* 14 Hous.L. Rev. 854 (1977).

A statement of facts has been filed in this case. It reflects the court correctly admonished the lawyers he was "not going to hear any evidence at a summary judgment hearing."

We find no admissible summary judgment evidence that Mooney paid the judgment rendered against the Niells or that it has been released by Producers. The only summary judgment proof in the record are the certified copies of the two judgments.

We hold the appellee has not discharged his burden of establishing as a matter of law that there are no genuine issues of fact as to one or more of the essential elements of his cause of action. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex. 1970).

The judgment is reversed and the cause is remanded.