**Melvin NIELL and Kathlee Niell, Appellants,**

**v.**

**Don MOONEY, Appellee.**

**No. 5225.**

Court of Civil Appeals of Texas, Eastland.

Dec. 21, 1978.

Rehearing Denied Jan. 11, 1979.

Carol Campbell, Anderson, Martin & Rodriguez, Wichita Falls, for appellants.

William H. Heatly, Heatly & Heatly, Paducah, for appellee.

DICKENSON, Justice.

Producers Grain Corporation secured a judgment against Melvin and Kathlee Niell. Don Mooney, Sheriff of Baylor County, failed to levy upon the Niells' property, and Producers filed a motion under Article 3825, Tex.Rev.Civ.Stat.Ann. (1966), to make him pay the judgment. Producers' motion was granted; judgment was entered against Mooney; and that judgment was affirmed. *Mooney v. Producers Grain Corporation*, 531 S.W.2d 699 (Tex.Civ.App.—Amarillo 1975, no writ). Mooney then paid the full amount of that judgment, and he sued Melvin and Kathlee Niell under the theory of subrogation to recover the money which he had been required to pay their judgment creditor. Summary judgment was granted in favor of the Sheriff, and the Niells appealed. This court held that the summary judgment proof did not establish that Mooney had paid the judgment. *Niell v. Mooney*, 555 S.W.2d 160 (Tex.Civ.App.—Eastland 1977, no writ). The case was then tried upon the merits, and the jury found that Mooney had paid in full the judgment of Producers Grain Corporation against Melvin and Kathlee Niell. Judgment was rendered on the verdict for the sum of $11,131.33 plus interest and court costs. Melvin and Kathlee Niell appeal. We affirm.

The Niells' first point of error is that, as a matter of law, Mooney is not entitled to subrogation to the rights of the judgment creditor against them. We disagree. This court said in *E. Y. Chambers & Co. v. Little*, 21 S.W.2d 17 (Tex.Civ.App.—Eastland 1929, writ ref'd) that:

> Subrogation is said to be the substitution of another person in the place of a creditor to whom such person succeeds. The principle has a very liberal application. Judge Story, in his work on Equity Jurisprudence, characterizes this principle as "a doctrine belonging to an age of enlightened policy and refined, although natural, justice."

The opinion in *Chambers* cites the case of *Galbraith-Foxworth Lumber Co. v. Long*, 5 S.W.2d 162 (Tex.Civ.App.—Dallas 1928, writ ref'd), which states:

> A court of equity, when it becomes necessary to do exact justice between parties in a given transaction, may place one of these parties, to whom a legal right does not belong, in the position of a party to whom the legal right does belong. This mode, adopted for the purpose of doing justice, is termed "subrogation." . . . This doctrine is broad enough to include every instance in which one party pays a debt for which another is primarily answerable, and which in equity and good conscience should have been discharged by the latter, so long as the payment was made either under compulsion or for the protection of some interest of the party making the payment and in discharge of an existing liability. . . . The right of subrogation is not dependent upon contract, agreement, or stipulation, or upon privity or strict suretyship; but it is a mode which equity adopts to compel the ultimate payment of a debt, by one who, in justice, equity, good conscience, ought to pay it. . . .

We hold that the sheriff is entitled to subrogation rights against the judgment debtors since he was required to pay their obligation to the judgment creditor under the provisions of Article 3825, supra, which reads as follows:

Should an officer fail or refuse to levy upon or sell any property subject to execution, when the same might have been done, he and his sureties shall be liable to the party entitled to receive the money collected on such execution for the full amount of the debt, interest and costs, to be recovered on motion before the court from which said execution issued, five days previous notice thereof being given to said officer and his sureties.

All of the other points of error concern the jury's finding that Mooney paid the judgment of Producers Grain Corporation against Melvin and Kathlee Niell. The Niells' points claim (1) that there was no evidence to support that finding; (2) that the evidence was conclusively to the contrary; (3) that the evidence was factually insufficient; and (4) that the finding was against the great weight and preponderance of the evidence. We disagree. All of those points of error are overruled. On the "no evidence" points, we have reviewed the record under *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974), considering only the evidence and inferences which support that finding. On the "insufficient evidence" points, we have reviewed all of the evidence as required by *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951). There is evidence, and it is factually sufficient, to support that finding of the jury. The record shows that Producers recovered a judgment against the Niells and that Mooney was required by law to pay the full amount of that judgment. Even though Mooney did not obtain an assignment from Producers, the record is clear that he paid the full amount of the judgment. Producers is entitled to have its debt paid, but it has no right to a double payment of the judgment. Having paid the Niells' obligation for them, Mooney is entitled to recover from them. This principle was recognized in the early case of *Sayles v. Taylor*, 36 Tex. 307 (1871).

The judgment is affirmed.