INCORPORATED CARRIERS, LTD., Brooks International, Inc., World Wide Rentals and Microtron Industries, Inc., Appellants,

v.

Clyde CROCKER, Jr., Appellee.

No. 9011.

Court of Appeals of Texas, Texarkana.

Aug. 31, 1982.

Rehearing Denied Sept. 28, 1982.

Blair D. Dishman, Jr., Barnes, Hoecker & Dishman, Dallas, for appellants.

H. C. McCracken, Jr., McCracken, Shields & Taylor, Carrollton, for appellee.

HUTCHINSON, Justice.

Appellee, Clyde Crocker, Jr., instituted this suit for damages for an alleged breach of a contract against appellants, Incorporated Carriers, Ltd. (hereafter ICL), Brooks International, Inc., World Wide Rentals (hereafter WWR), and Microtron Industries, Inc. ICL, a division of Brooks International, Inc., is a certified carrier operating under the authority of the Interstate Commerce Commission. WWR, a division of Microtron Industries, Inc., is generally in the business of leasing equipment.

On May 16, 1979, Appellee Crocker entered into a "motor vehicle lease" with WWR under which he received a 1970 International truck/tractor. That same day, Crocker entered into a "tractor lease agreement" with ICL. The ICL contract provided that Crocker would lease his truck/tractor to ICL, would operate the truck/tractor under ICL's Interstate Commerce Commission permit and haul ICL's freight in an ICL trailer.

The lease with WWR was for a term of 18 months, with monthly rental payments of $675.00. The agreement provided that Crocker would pay for the truck's operating expenses, including the costs of maintenance and repair. Other significant terms were: Paragraph 4 which provided that Crocker would acknowledge "that the vehicle is in good condition and repair" by accepting delivery of the vehicle; Paragraph 7 and 8 containing the tie-in with ICL and providing that the WWR lease would terminate if Crocker ceased hauling for ICL; and Paragraph 10 requiring that Crocker put up a $2,050.00 security deposit which would be refunded if ICL terminated its contract with Crocker "without good cause."

The agreement between Crocker and ICL set out the rate of Crocker's compensation and the expenses for which the parties were obligated. Crocker agreed to maintain and repair the vehicle at his own expense. ICL promised to provide the trailer and pay for its repairs.

Crocker knew the truck/tractor was old when he leased it. Prior to the lease he test drove the vehicle and had it inspected by a mechanic of his choice. A list of the truck's problems was made and presented to the lessor. Some of the defects were corrected before the contracts were entered into and the first dispatch made.

Crocker was on the road in the truck for ICL for approximately three weeks during

which he claims to have logged 9,000 miles. He returned to the ICL terminal in Irving on or about June 11, 1979, and orally terminated the lease and turned in the trailer on June 11 or 13. On June 18, 1979, his attorney mailed WWR and ICL letters giving them notice of his termination of the lease contracts. The truck was returned on June 25, 1979.

This suit was filed on November 16, 1979, alleging that the "defendants refused to fulfill their agreement with the plaintiff, breached the lease agreements, and without just cause made it impossible for plaintiff to operate the motor tractor as required." The case was tried to a jury and in response to submitted special issues, the jury found that the appellants wrongfully terminated the lease on June 11, 1979, and that Crocker was entitled to recover the following: $2,050.00 for the security deposit; $971.50 for lease charges withheld from his account after the contract was terminated; and $440.77 in charges for permits and decals withheld after the date of termination.

Appellants now assert that the jury's answer to the issues should be disregarded and/or it was error for the issues to be submitted as there was no evidence or insufficient evidence to support the answers.

■■■ A proper predicate was not made in the trial court for this Court to consider the "no evidence" point. The proper predicate for a legal insufficiency point is either a motion for an instructed verdict, an objection to the submission of a vital fact issue, a motion to disregard a jury finding, a motion for judgment non obstante veredicto, or a motion for a new trial that distinctly raises the "no evidence" points. *Rosas v. Shafer,* 415 S.W.2d 889 (Tex.1967); *Ward v. Shriro Corporation,* 579 S.W.2d 257 (Tex.Civ.App. —Dallas 1978, no writ); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error,* 38 Texas L.Rev. 361, 362 (1960). This Court is obliged to consider appellants' "insufficient evidence" points, however, because factual insufficiency points may be raised on appeal without any such procedural prerequisites at the trial level. *Hardy v. C. P. I. Sales, Inc.,* 511 S.W.2d 89 (Tex.Civ. App.—Houston [1st Dist.] 1974, no writ); Calvert, supra at 365; 4 Tex.Jur.3d *Appellate Review* § 137 (1980). This Court must review all the evidence in the record that is relevant to the fact being challenged. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951); *Niell v. Mooney,* 575 S.W.2d 147 (Tex.Civ.App.—Eastland 1978, writ ref'd n. r. e.). Considering all of the evidence, it appears to this Court that there is insufficient evidence to support the jury's finding that ICL and WWR wrongfully terminated Crocker's lease.

■■■ A plaintiff asserting a breach of contract has the burden of establishing: (1) the existence of the contract sued upon; (2) he was ready and able to perform the contract; (3) the occurrence of a condition upon which liability is based or that the condition would have happened if the promisor had abided by the contract; (4) the breach of the contract; and (5) the amount due him under the contract. *Howell v. Kelly,* 534 S.W.2d 737 (Tex.Civ.App.—Houston [1st Dist.] 1976, no writ); 14 Tex.Jur.3d *Contracts* § 352 (1981). After a careful examination of the record we are unable to find evidence which is factually sufficient to support the jury's finding that appellants wrongfully terminated the contract, i.e. that appellants breached the contract.

■■■ During the trial much time was spent developing evidence concerning the truck's mechanical problems. Before entering the lease and contract, Crocker knew the age of the truck, test drove the truck and had it inspected by a mechanic of his choice. He knew the repairs that were made and he thereafter accepted the delivery of the truck, and under the plain language of the contract became responsible for its thereafter repairs. He cannot assert the truck's mechanical trouble as an example of appellants' breach. Crocker did testify that a WWR representative assured him

that he would not have to drive the truck long as it would be replaced. This evidence violated the parol evidence rule. "[I]n the absence of fraud, accident, or mistake, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous." *Crozier v. Horne Children Maintenance,* 597 S.W.2d 418 (Tex.Civ. App.—San Antonio 1980, writ ref'd n. r. e.). Since the parole evidence rule is a rule of substantive law, testimony admitted in violation of it may not be considered. *Henry v. Powers,* 447 S.W.2d 738 (Tex.Civ.App.— Houston [1st Dist.] 1969, no writ); *Piper*

*Stiles & Ladd v. Fidelity and Deposit Co. of Maryland,* 435 S.W.2d 934 (Tex.Civ.App.— Houston [1st Dist.] 1968, writ ref'd n. r. e.).

For the reasons stated, the cause is reversed and remanded.