IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20466
Summary Calendar
_____

BEKEE C. NWAKANMA, Ed.D.,

Plaintiff-Appellant,

versus

STEVE WALLER, DEBORAH TOMLIN, WAYNE SCOTT,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-97-CV-893
- - - - - - - - - -
February 12, 1999

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Bekee C. Nwakanma, appearing *pro se*, appeals the summary judgment in favor the defendants dismissing all claims.  He also appeals the district court's denial of default judgment and he has filed a motion for default judgment in this court because the appellees did not file their brief in a timely manner.  Contrary to Nwakanma's allegations, the appellees requested leave to file an out-of-time brief, which was granted by this court.  Furthermore, there is no default judgment in appellate practice.  The motion is DENIED.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nwakanma alleged civil rights violations based on his race and national origin and brought claims under Title VII and 42 U.S.C. §§ 1981 and 1983. To state a claim under Title VII for employment discrimination, the plaintiff must establish a prima facie case that the defendant employer made an employment decision that was motivated by a protected factor, such as race or national origin. McDonnell-Douglas Corp. v. Green, 411 U.S. 792, 802 (1973); Mayberry v. Vought Aircraft Co., 55 F.3d 1086, 1089 (5th Cir. 1995). A plaintiff, however, is not required to bear the initial burden under summary judgment. FED. R. CIV. P. 56(c). Instead, the district court should assume that the plaintiff has established a prima facie case of discrimination. See Boyd v. State Farm Ins. Co., 158 F.3d 326, 329 (5th Cir. 1998). Although the district court erred in holding that Nwakanma failed to establish a prima facie case of discrimination on various grounds, the record shows that the error does not require reversal and remand. "In the context of summary judgment, a substantial conflict in evidence must exist to create a jury question on the issue of discrimination." Id. at 328. Such genuine issues of material fact do not exist.

The district court held that the defendants could not be sued under Title VII in their individual capacities because they were not "employers" within the meaning of that title. The court also held that sovereign immunity barred suit against the defendants in their official capacity as employees of the Texas Department of Criminal Justice (TDCJ). This holding was not

erroneous.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

The district court considered the merits of Nwakanma's claims of employment discrimination.  On Nwakanma's five applications for promotion which were not time-barred, the district court held that Nwakanma had established a prima facie case of discrimination with respect to his other three applications, as should have been assumed.  The defendants put forth evidence showing that the individuals hired were equally or more qualified than Nwakanma for the positions, which was a nondiscriminatory reason for the rejection.  Nwakanma failed to produce evidence creating a genuine issue of material fact.  The district court did not err in dismissing these claims.

The district court held that the other two applications did not establish a prima facie case of discrimination and that Nwakanma had also failed to establish a prima facie case on the grounds of retaliation, harassment, and hostile work environment.  Although this analysis is improper under summary-judgment standards, the rationales for these decisions also permit dismissal under summary judgment if it is assumed that a prima facie case had been proved.  Nwakanma submitted no evidence to counter this summary-judgment evidence by the TDCJ employees and create a genuine issue of material fact.  His conclusional allegations that this evidence is incorrect and that all problems stemmed from discrimination and retaliation are insufficient to withstand summary judgment.  See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(the nonmovant cannot

satisfy his summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence).  The district court did not err in dismissing these claims on summary judgment.

The court also held that Nwakanma's breach-of-contract claim could not stand because he had failed to prove the existence of a contract.  A person asserting a breach of contract in Texas must first establish that a contract exists.  Incorporated Carriers, Ltd. v. Crocker, 639 S.W.2d 338, 340 (Tex. App. 1982).  Nwakanma's only argument in support of his claim is that all employment relationships are contractual under the Civil Rights Act.  He does not, however, provide any evidence to support this claim.  The district court did not err in dismissal.

Nwakanma's argument that the district court erred in refusing to grant default judgment is frivolous.  "A party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default."  Ganther v. Ingle, 75 F.3d 207, 212 (5th Cir. 1996).  The defendants filed a motion to dismiss before Nwakanma filed his motion for a judgment by default.  The defendants defended the suit, and the district court properly denied the motion for a default judgment.  See McCorstin v. United States Dep't of Labor, 630 F.2d 242, 244 (5th Cir. 1980)(default judgment inappropriate when defendant answered complaint before plaintiff requested default judgment).

AFFIRMED.